A COMPLAINT against respondent, hereinafter referred to as B, was filed with the committee on grievances of the Colorado Bar Association, containing two charges of unprofessional conduct. He answered admitting, in substance, the facts alleged, but denying wrongful intent, challenging the correctness of the conclusions and presenting matters in mitigation. After a full hearing the committee made its report finding B guilty of reprehensible conduct in both instances and recommending his private reprimand. Thereupon he was heard as provided by our rules, and elected to abide by the action of the committee.
It is now therefore ordered that this cause be docketed in this court, that the report of the committee be sealed and so remain in the files of the clerk's office until otherwise directed, that all remaining papers be returned to the files of the committee, and that, for reasons hereinafter appearing, B's true name be omitted from the court records and published reports.
1. The first charge against B is the collection of money from the county on fictitious claims. B was deputy district attorney. He and C, an attorney in private practice, officed together. D did their stenographic work, both private and official, and each paid one-half her salary. She signed claims in blank. B filled them in for the full salary, approved them in his official capacity, secured a county official to add thereto the verification of D, filed the claims against the county, received in payment warrants issued to D, indorsed these with the names of D and himself, and deposited them to his own account. His defense was that other counties in the district allowed such deputies the full amount thus collected as stenographic salary and that his own formerly had; that he was entitled under the law to his other official office expenses; that the proportion of these claims above one-half of D's salary was applied to such expenses; and that this method of claiming and collecting deputy district attorney's general office expense had the approval of *Page 442 
custom. This alleged custom is in doubt and certain of B's claims for general office expense are in evidence. Hence on the admitted facts his conduct is indefensible. His unitemized office expense, if there was any, could scarcely have amounted, month by month, to exactly one-half of D's salary. He made the records, open to the public and entitled to be relied upon, tell a false tale, irrespective of results. Despite other alleged official acquiescence he should, as a lawyer, have known better and should have taken a straight course, not a crooked one. The officials are not before us, and their conduct not here in issue. If they connived at the acts of B, or certified that claims had been sworn to when they had not, such malfeasance might furnish some excuse for carelessness on the part of an inexperienced person dealing with them, but falls far short of justification for the unlawful acts of either.
[1, 2] 2. The second charge involves B's conduct in relation to certain civil and criminal actions arising from an automobile collision. E's car collided with one occupied by F and his wife. B, as deputy district attorney, filed two misdemeanor charges and one felony charge against E, and thereupon accepted private employment by F, on a contingent fee, to collect damages from E and his insurer. Later he brought suit on these claims, demanding body judgment, and thereafter retired from the criminal cases. The latter were "held over" E until he settled the damage suit for approximately $6,000, when, upon entering his plea of guilty to the misdemeanors, the felony charge was dismissed. An offer by E to make such disposition of the criminal cases had been rejected by B shortly after the filing of the informations. Putting this matter in its very best light B, in his private capacity, brought civil suits against E based upon the identical misconduct charged in criminal cases, then pending, and which he had filed in his official capacity. This anomalous conduct could not be made to square with professional ethics by his later withdrawal from the criminal cases. The merest novice in the profession should know that *Page 443 
civil liabilities may not be enforced by threats of criminal prosecution any more than they may be enforced by threats of physical violence, and that any conduct which has the appearance of a resort to such course is as bad, in law, as the thing itself. If B did not use his public office to collect the claims of his private clients he put himself in the position of appearing to do so and justified the charge. If a prosecutor in this state has a private interest in a criminal case under his jurisdiction it is made the court's duty to appoint another to act for him. C. L. '21, § 5994. In such a case he should not act even by consent. 18 C. J., p. 1312, § 39.
[3] On the cold facts before us the committee's recommendation appears too lenient. But B is a young man with a formerly unblemished record. The committee saw and heard him and all the witnesses. Every presumption indulged in favor of the action of trial court or jury should be, and is, indulged in support of its findings and conclusions. These are therefore approved by the court and it is ordered that the reprimand be administered before the justices in chambers.
Thereupon respondent was called before the court in chambers and thus addressed by the Chief Justice:
Mr. ............: You are here for reprimand for unprofessional conduct, consisting of filing false claims against a county and thereby procuring the payment to you of money from its treasury; also of so commingling public and private business and duties as to bring upon yourself in your professional capacity the just reproach of coercion. Having handed down a written opinion herein, which is in itself a reprimand and which is now most seriously called to your careful attention and consideration, little further need be said by the court. You are solemnly warned against a repetition of acts similar to those complained of, or other violation of your professional duty, and advised that such will be sufficient cause for your disbarment.
MR. JUSTICE ALTER not participating *Page 444