No. 25382

Darreld W. Wheeler, a/k/a Darreld W. Anderson, a/k/a Andy Wheeler v. District Court in and for the County of Adams, State of Colorado; and Floyd Marks, District Attorney for the Seventeenth Judicial District, State of Colorado

(497 P.2d 695)

Decided May 30, 1972.

Jay L. Gueck, for petitioner.

Floyd Marks, District Attorney, Harlan R. Bockman, Assistant, Stanley B. Bender, Special Prosecutor, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant (Wheeler) was charged under an indictment of an Adams County grand jury with two counts of being a panderer (C.R.S. 1963, 40-9-11) and two counts of conspiracy to commit such crime. The defendant moved to dismiss the indictment for the reason that he had been granted transactional immunity by the Honorable James C. Flanigan, one of the judges of the District Court in and for the City and County of Denver, with respect to the crimes charged in Adams County. In support of this motion the defendant filed an affidavit of Judge Flanigan reciting in essential part as follows:

"1. That I presided over the 1971 Statutory Grand Jury in and for the City and County of Denver, State of Colorado.

"2. That pursuant to petition by the Denver District Attorney, I granted transactional immunity to Darreld (Andy) Wheeler on August 3, 1971 and that such immunity was granted pursuant to and in accordance with 1963 C.R.S., 154-1-18, as amended.

"3. That such immunity, as explained to the said Darreld (Andy) Wheeler and as granted to him by this Court's Order, extended to immunity from prosecution by Federal, State or Local officials for crimes encompassed within the transactions to which he testified before the 1971 Statutory Grand Jury in and for the City and County of Denver, State of Colorado."

Also in support of the motion the defendant tendered his own affidavit which was to the effect that Judge Flanigan had granted him full and complete transactional immunity for, and that he had testified before the Denver grand jury as to, all matters encompassed within the indictment. Nothing further was submitted in support of the motion.

The District Court of Adams County denied the motion. When doing so, the trial judge stated that there was not a sufficient showing as to the extent of the immunity which was granted.

Upon application therefor, we issued a rule to show cause why the District Court of Adams County should not be restrained from proceeding further except to dismiss the indictment. Briefs have been submitted and we have heard oral argument.

The respondents' contend that Colo. Const. art. VI, § 3 and C.A.R. 21 do not provide a proper remedy. At this stage of the proceedings, at least, we do not agree.

The parties have presented argument as to matters concerning the nature and extent of immunity granted under 1969 Perm. Supp., C.R.S. 1963, 154-1-18. We must agree with the trial judge that the nature of the immunity granted is quite unclear. Until we are further enlightened, we shall not attempt to make any determination of the law relating to the nature and extent of immunities granted under the cited statute. Judge Flanigan's affidavit merely advises that he granted transactional immunity from prosecution for crimes as to which the defendant testified before the Denver grand jury. The defendant's affidavit advises that he testified before the Denver grand jury as "to various transactions, some of which are encompassed within the Indictments returned by

the Adams County Grand Jury." We are given no further description of the testimony.

The respondents have consistently taken the position that it was the obligation of the defendant and not the respondents to produce transcripts of the Denver proceedings. In oral argument the special prosecutor indicated that, strategically, the district attorney's office concluded not to seek to bring the grand jury proceedings before the court. Likewise, the defendant in the hearing before the trial court, in his briefs here and in oral argument has shown little enthusiasm toward the idea of the defendant procuring the production of his own testimony before the grand jury.

We have absolutely nothing here in the way of a record as to the proceedings before Judge Flanigan which culminated in his grant of immunity. From the cited immunity statute we assume — or speculate — that the following matters occurred:

The defendant was summoned before the Denver grand jury and was asked some questions. He refused to answer the questions on the ground that he might incriminate himself. The Denver District Attorney then made application to the court, upon the consent of the grand jury, to instruct the defendant to testify concerning designated matters.

It is possible that the area of testimony concerning which the defendant refused to testify was contained in the application or otherwise shown to the court. Judge Flanigan's order may disclose further information as to the nature and extent of the immunity granted.

We characterize the above proceedings before Judge Flanigan as the "immunity proceedings." Within this term we include and commence with the district attorney's application. Also included are any statements that might have been made to the court and any made by the court during the consideration of the application, if recorded; and, additionally, any evidence presented under the application and the order or orders made by Judge Flanigan in connection with the application. The proceedings before the grand jury itself are not embraced within the immunity proceedings.

■ The defendant has made a *prima facie* showing in support of his motion to dismiss, casting upon respondent district attorney the burden of going forward. The district attorney's next step should be to produce in the respondent court the transcript of the immunity proceedings for consideration in connection with the defendant's motion. In our present unilluminated posture, we can see no reason why the defendant should have incriminated himself in the immunity proceedings. Also, from our view into the darkness of matters not argued before us, even if he did then incriminate himself, we doubt that he should be permitted to pursue his motion to dismiss the indictment unless the respondent court has before it a transcript of the immunity proceedings.

We therefore order that the respondent district attorney may, if he so desires, obtain a transcript of the immunity proceedings for filing in the respondent court. If the district attorney elects not to so proceed, a *prima facie* showing having been made, the motion to dismiss shall be granted. After such filing is made, the respondent court shall give further consideration as to whether the motion to dismiss should be granted.

■ If the transcript supports the defendant's position, no doubt the respondent court will have to consider the defendant's testimony before the grand jury. As mentioned, we do not address ourselves to the questions which may then arise. We do, however, authorize the respondent court to obtain material portions of the minutes of the Denver grand jury if it finds that immunity was granted to the defendant.

The rights of the defendant and the matters of appropriate prosecution by the district attorney are or may be of such a delicate nature that, under the rule which we have issued, we retain jurisdiction to review the rulings of the respondent court at any stage of the proceeding upon application of either party.

The respondent court is directed to proceed in accordance with the ruling and views expressed herein.

MR. JUSTICE ERICKSON not participating.