No. 25382

Darreld W. Wheeler, a/k/a Darreld W. Anderson, a/k/a Andy Wheeler v. District Court in and for the County of Adams, State of Colorado and Floyd Marks, District Attorney for the Seventeenth Judicial District, State of Colorado

(504 P.2d 1094)

Decided January 8, 1973.

276

Morrato, Gueck & Colantuno, P.C., Jay L. Gueck, for petitioner.

Floyd Marks, District Attorney, Seventeenth Judicial District, Harlan R. Bockman, Assistant, Stanley B. Bender, Special Prosecutor, Edward B. Towey, Special Prosecutor, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is a proceeding to review an adverse ruling by the district court of Adams County denying petitioner's motion to disqualify the district attorney, his deputies, and court appointed special prosecutors from prosecuting an indictment against petitioner. This extraordinary review is brought

pursuant to an expressed retention of jurisdiction to review rulings of the respondent district court in connection with immunity proceedings pending before that court, as provided in our decision in *Wheeler v. District Court,* 178 Colo. 320, 497 P.2d 695. We issued our rule to show cause why the relief prayed for should not be granted and the matter is now at issue. We discharge the rule for the reasons hereinafter set forth.

On September 14, 1971, petitioner was indicted by the 1971 statutory grand jury of Adams County and charged with violation of C.R.S. 1963, 40-9-11 (prostitution-pimp), and with conspiracy.

Petitioner's motion to disqualify sought to recuse the district attorney, Floyd Marks, his deputies, and two special prosecutors, Stanley B. Bender and Edward B. Towey, from prosecuting the indictment against him by reason of an alleged conflict of interest. As grounds for petitioner's motion, it was alleged that the district attorney was the subject of investigation by the 1971 statutory grand jury of the City and County of Denver and that petitioner was called upon to give testimony relating to certain transactions involving the district attorney; that by reason of such testimony a clear conflict of interest existed which compels the district attorney to recuse himself; that those persons who appeared on behalf of the district attorney before the Denver grand jury, Stanley B. Bender and Edward B. Towey, by reason of their representation of him, must also be disqualified; likewise, that all deputy district attorneys, because of their interest derived through their official office, must be disqualified; and, finally, in particular, that Robert Braswell, presently a deputy district attorney who in the past allegedly acted in behalf of petitioner in relation to charges similar to those involved in the present case, must also be disqualified. We note parenthetically that the Denver grand jury returned a No True Bill as to the district attorney.

At the hearing of the motion to disqualify, petitioner offered no testimony or evidence whatsoever to support the unsworn allegations bearing upon the alleged conflict of

interest. The trial court denied the motion. We affirm the ruling.

C.R.S. 1963, 45-1-7, provides: "If the district attorney be interested or shall have been employed as counsel in any case which it shall be his duty to prosecute or defend, the court having criminal jurisdiction may appoint some other person to prosecute or defend." In *People ex rel. Colorado Bar Association v. . . .* 90 Colo. 440, 9 P.2d 611, it was held that if a prosecutor has a private interest in a criminal case under his jurisdiction it is the court's duty to appoint another for him.

The nature and extent of the private interests that may result in disqualification are many and varied. For collation of cases considering this proposition, see Annot., 31 A.L.R.3d 955.

We assume that petitioner's legal basis for recusation (although it is not explicitly spelled out in the motion) is that the district attorney should be removed from the pending case for the reason that he has a private interest in convicting petitioner, which arises out of personal antagonism, animosity, hostility or enmity toward the petitioner, the source of which emanates from petitioner's testifying against the district attorney before the 1971 Denver statutory grand jury; and that, as a consequence, petitioner could not receive a fair trial to which he is entitled under due process protections.

It has often been noted by the courts that it is the district attorney's duty to hold himself under proper restraint and avoid violent partisanship, partiality and misconduct in the performance of his duties, which may result in false accusations. Likewise, it is equally his duty to refrain from improper methods calculated to bring about a wrongful conviction as it is to use every legitimate means to obtain a just conviction. *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; *DeGesualdo v. People,* 147 Colo. 426, 364 P.2d 374.

When one seeks to disqualify a prosecuting attorney, however, it is incumbent upon him to establish facts from which the trial court may reasonably conclude that the

accused will probably not receive a fair trial to which he is entitled. *State v. Harris,* 477 S.W.2d 42 (Mo. 1972).

■ The rationale expressed in *United States v. Garrison,* 340 F. Supp. 952, is applicable to the present case. In that case, the district attorney, Garrison, sought to recuse the presiding judge on the grounds that Garrison had published a press release publicly denouncing the federal judiciary and the presiding judge's opinion in a particular case. The court stated:

"* * * The mere fact that a defendant has made derogatory remarks about a judge is insufficient to convince a sane and reasonable mind that the attacked judge is biased or prejudiced, the standard used to test the sufficiency of an affidavit for recusal under section 144. Berger v. United States, *supra,* 255 U.S. at 33-35, 41 S.Ct. at 233, 65 L.Ed. at 485; United States v. Hoffa, 245 F. Supp. 772, 778 (E.D. Tenn. 1965). To allow prior derogatory remarks about a judge to cause the latter's compulsory recusal would enable any defendant to cause the recusal of any judge merely by making disparaging statements about him. Such a bizarre result clearly is not contemplated in section 144."

To compel a district attorney to recuse himself on the unsworn, unsupported, conclusory allegation of a defendant would effect equally bizarre results, in that defendants could unduly complicate and delay prosecutions by summary disqualifications of duly elected prosecuting officers.

The failure to carry the burden of proof applies equally to the petitioner's effort to recuse the special prosecutors and the deputy district attorneys, including Robert Braswell.

■ We comment briefly on our retention of jurisdiction to review the rulings of the trial court in the "immunity proceedings" under *Wheeler v. District Court, supra.* It was not intended that this Court grant carte blanche interlocutory review of every procedural ruling of the trial court in the conduct of those proceedings. Review is properly limited to matters bearing upon the substantive determination of the grant of immunity relied upon by petitioner in avoidance of prosecution.

Rule discharged.
MR. JUSTICE ERICKSON does not participate.