## No. 26864

**The People of the State of Colorado and Dale Tooley, District Attorney in and for the Second Judicial District, State of Colorado v. The District Court, in and for the Second Judicial District, State of Colorado, the Honorable Robert E. McLean, District Judge thereof**

(538 P.2d 887)

Decided July 21, 1975.

160

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy, for petitioners.

Holm, Willis & Dill, P.C., Jon L. Holm, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an original proceeding. The district attorney petitioned for a writ in the nature of mandamus and prohibition. It was therein urged that an order by the respondent district court disqualifying the district attorney and his staff from further participating as prosecutor in a pending criminal action be invalidated by this court. We issued a rule on the respondent district court to show cause why the relief requested should not be granted. A response and briefs by the parties have now been filed. Our re-

view reveals that the order disqualifying the district attorney and his staff is clearly improper, and we therefore make the rule absolute by granting the relief sought.

Charles E. Blair is charged by a grand jury indictment with twenty counts of fraudulent sale of securities, and a single count of conspiracy. District attorney, Dale Tooley, was a candidate for mayor of Denver at the time of the respondent district court's ruling.

On May 11, 1975, the Rocky Mountain News, published an editorial endorsing the district attorney's candidacy for mayor. The only reference to the defendant Blair was contained in the following paragraph:

"More importantly, he showed a willingness bordering on zeal to seek out controversial issues and do what he could to bring about their resolution. In most cases he was successful. Gun control, the role of Big Oil in creating the energy crisis, methadone treatment abuses, Pastor Charles E. Blair's shaky financial deals and the use of civil consent decrees and criminal prosecution to end usurious interest charges and sleazy sales and repair practices are but a few of the problems Tooley addressed. All are people oriented."

On May 19, 1975, the Committee to Elect Dale Tooley mayor of Denver caused an exact copy of the Rocky Mountain News editorial to be published in the Denver Post as a paid political advertisement.

On May 22, 1975, counsel for defendant Blair presented to a deputy district attorney a motion to disqualify the district attorney from further ". . . prosecutorial contact with the defendant Charles E. Blair." No prior or other notice of the motion was given to the district attorney. The trial judge, before whom certain other motions in this case were pending and scheduled for hearing on that day, was otherwise occupied. He directed the parties to the clerk of the chief judge for reassignment to another division of the district court.

At 11:35 a.m., the pending motions were placed with the respondent district judge for hearing and disposition. However, rather than conducting a hearing on the previously filed motions, the respondent district judge chose to consider only the just filed motion to disqualify the district attorney. The objection of the deputy district attorney as shown from the transcript of the hearing clearly pointed out the real difficulty and impropriety in the respondent district court's precipitous consideration of this motion.

"We would object on the basis that the rules call for a certain period of time for filing motions, notice to the opposing party, so that we would have an opportunity to find out factual matters, present witnesses; possibly in this particular regard as to who ran the ad and who was behind it; number two, what law would be applicable to the subject. We have not had an opportunity this morning to do research."

The respondent district judge overruled this objection, heard arguments, and then granted the defendant's motion to disqualify the district attorney. The ruling was entered just two hours after the deputy district attorney first received the motion.

The defendant's motion was apparently motivated by the district attorney's personal participation before the grand jury which indicted Blair, the publicity generated by the return of the indictment, the citation of the Blair case in the editorial, and the use of this editorial in a political advertisement.

I.

The parties have thoroughly briefed the disqualification issue. It is our view that this issue requires our attention and discussion even though the trial court's procedural error would mandate the voiding of the trial court's ruling.

Respondent's alleged reason for attempting to disqualify the petitioner district attorney is apparently based on the speculation that the district attorney will reap political gain from his participating in the Blair case, and will therefore be placed in a position of over extending in an effort to convict and thus Blair would be unfairly tried.

■ In *Wheeler v. District Court*, 180 Colo. 275, 504 P.2d 1094 (1973), we stated that

"When one seeks to disqualify a prosecuting attorney, however, it is incumbent upon him to establish facts from which the trial court may reasonably conclude that the accused will probably not receive a fair trial to which he is entitled."

■ Our review of the evidence presented in this case demonstrates that no trial court could reasonably conclude from this evidence, that the defendant would not receive a fair trial if the district attorney or any member of his staff was the prosecutor. The only evidence presented was a photostatic copy of the advertisement printed in the Denver Post. This advertisement, a reproduction of the Rocky Mountain News editorial, indicated that it was paid for by the Committee to Elect Dale Tooley. But this fact alone is insufficient to establish even the possibility that defendant Blair might not receive a fair trial.

■ Petitoner's reproduction of this editorial as a paid political advertisement is not a sufficient basis to disqualify this district attorney within the terms of section 20-1-107, C.R.S. 1973, which provides:

"If the district attorney is interested or has been employed as counsel in any case in which it is his duty to prosecute or defend, the court having criminal jurisdiction may appoint some other person to prosecute or defend the cause."

This statute is designed to authorize the disqualification of a district attorney and to allow for the appointment of a special prosecutor only when the district attorney has an interest in the litigation apart from his professional responsibility of upholding the law. *See* sections 20-1-101 and 102, C.R.S. 1973.

The language of the editorial indicates only a newspaper's belief that the district attorney is properly performing his responsibilities and duties as district attorney in the Blair case. There are no other inferences which could be drawn from this language. Clearly, it would be beyond belief that

anyone could state on the basis of this editorial that defendant Blair would be subjected to an unfair trial because of this district attorney's past, current, or future participation in the case.

## II.

Petitioner also asserts that the trial court erred in failing to comply with Crim. P. 45(d), in that notice was given to the district attorney's office the same morning that the hearing was held. Crim. P. 45(d) provides:

"A written motion, other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than five days before the time specified for the hearing unless a different period is fixed by rule or order of the court. For cause shown, such an order may be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion, and opposing affidavits may be served not less than one day before the hearing unless the court permits them to be served at a later time."

A study of the transcript of the hearing clearly indicates that the deputy district attorney who attempted to defend against this motion was handicapped by the short notice and the accompanying inability to properly prepare. He had neither the opportunity to determine the facts behind the motion to disqualify, nor the state of the law relating to grounds for disqualification. The purpose of Crim. P. 45(d) is to allow time for adequate preparation. The consideration of this motion by the trial court when the district attorney did not have fair notice and an opportunity to defend himself is a clear violation of the provisions of this rule.

The rule is made absolute.