The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

COUNTY COURT, JEFFERSON COUNTY, and the Honorable Robert F. Morris, the judge thereof, Defendants–Appellants.

No. 94CA0589.

Colorado Court of Appeals, Div. H.

Dec. 15, 1994.

Rehearing Denied Feb. 2, 1995.

Certiorari Denied Aug. 28, 1995.

David J. Thomas, Dist. Atty., Donna S. Reed, Chief Appellate Deputy Dist. Atty., Golden, for plaintiff-appellee.

Ralph B. Rhodes, Denver, for defendants-appellants.

Opinion by Chief Judge STERNBERG.

In this C.R.C.P. 106(a)(4) action, Jefferson County Court and the Honorable Robert F. Morris, a judge thereof (County Court) appeal the district court judgment which determined that the County Court had abused its discretion by requiring the appointment of a special prosecutor. We affirm.

The County Court contends that a sibling relationship between a member of the district attorney's office and a Colorado state trooper, who was endorsed as a witness in a criminal proceeding, required the district attorney's office to be disqualified from conducting that prosecution. We disagree.

Section 20–1–107, C.R.S. (1986 Repl. Vol. 8B) provides in pertinent part:

If the district attorney is interested or has been employed as counsel in any case which it is his duty to prosecute or defend, the court having criminal jurisdiction may appoint a special prosecutor to prosecute or defend the cause....

This statute is designed to authorize the disqualification of a district attorney and to allow for the appointment of a special prosecutor only when the district attorney has an interest in the litigation apart from his professional responsibility of upholding the law. *People v. District Court*, 189 Colo. 159, 538 P.2d 887 (1975).

When one seeks to disqualify a prosecuting attorney, it is incumbent upon him to

establish facts from which the court may reasonably conclude that the accused probably will not receive the fair trial to which he is entitled. *People v. District Court, supra.*

The determination of whether a district attorney and his staff should be disqualified is a matter largely within the discretion of the trial court. The trial court should consider whether disqualification appears reasonably necessary "to insure the integrity of the fact-finding process, the fairness or appearance of fairness of trial, the orderly or efficient administration of justice, or public trust or confidence in the criminal justice system." *People v. Garcia,* 698 P.2d 801, 806 (Colo.1985).

A court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair. *People v. Milton,* 732 P.2d 1199 (Colo.1987).

Here, the only fact upon which the County Court relied in its disqualification order was that one of the deputy district attorneys, not assigned to this case, was the brother of a Colorado state trooper who would be testifying in the case. We agree with the district court that it would not be reasonable to conclude from that fact alone that the defendant would not receive a fair trial if the district attorney or any member of his staff was the prosecutor. *See People v. District Court, supra.*

Nor are we convinced that there is a reasonable possibility that any appearance of impropriety exists sufficient to support disqualification of the prosecuting attorney. Under the circumstances here, the cited family relationship is insufficient to establish even the possibility that defendant might not receive a fair trial or be perceived as having not received such trial. *See People v. District Court, supra.* And, nothing in the record indicates that the district attorney has any interest in the litigation apart from his professional responsibility. *People v. District Court, supra.*

The county court's reliance on *Smith v. Beckman,* 683 P.2d 1214 (Colo.App.1984) is misplaced. There, the question was whether a county judge was required to recuse himself in a criminal case because his wife was a district attorney in the same judicial district. The wife prosecuted only juvenile cases and only in the district court. The panel ruled that, solely because of the close nature of the marriage relationship, the court should have granted a motion to disqualify himself. In so ruling, the court noted that an appearance of impropriety was created by the relationship because "the public views married people as 'a couple', as a 'partnership', and as participants in a relationship more intimate than any other kind of relationship between individuals." While the relationship present here also is a close one, we decline to extend either the reasoning or the rule of *Smith v. Beckman* to a sibling relationship. Moreover, *Smith v. Beckman* was based on an interpretation of the Code of Judicial Conduct, which has no applicability to a prosecutor-witness situation.

The judgment is affirmed.

SMITH * and VAN CISE *, JJ., concur.