## No. 17,752.

RALPH B. JOHNSTON *v.* EILEEN H. EMERSON, ET AL.

(296 P. [2d] 229)

Decided March 26, 1956.   Rehearing denied May 7, 1956.

Messrs. RINN & CONNELL, for plaintiff in error.

Messrs. RYAN & SAYRE, Mr. CHARLES E. WILLIAMS, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANTS in error, husband and wife, will be referred to as plaintiffs.

On March 31, 1949, the wife, Eileen H. Emerson, was the owner of property known as the Old Country Club Building, northeast of Boulder, Colorado. On that date she entered into a contract with defendant Johnston by which defendant contracted to do certain specified remodeling and construction work on the building. After defendant had done considerable work and a few days before August 18, 1949, while he was working on the outside of the building, the husband of the owner, not knowing of the presence of Johnston, took an iron bar and battered and damaged the nosing of a window. There had been some minor disagreements between the parties prior to this incident which brought their difficulties to a head and resulted in an agreement dated August 18, 1949, which, by its terms, purports to be a mutual release of one against the other of all claims to date with exceptions noted therein. The controversial part of this release agreement is as follows:

"3. First Party agrees to release said Second Party, his heirs, executors, administrators, and assigns from any and all manner of sums of money, debts, accounts, actions, proceedings, claims and demands whatsoever which she, her heirs, executors, or administrators, but for these

presents, could, would, or might, at any time or times hereafter, have, upon or against said Second Party, his heirs, executors, or administrators for or by reason or on account of any matter, cause or thing whatsoever up to and inclusive of the date of these presents, which might have or has arisen out of aforesaid contract of employment between the Parties; expressly excepting, however, the following-mentioned matters and things, to wit:

"The Second Party shall and hereby does warrant and guarantee that all work already executed under the aforesaid agreement whereby First Party employed Second Party as contractor will be sound and waterproof, free from defects of materials and workmanship for a period of one year from the date of these presents. The Second Party further agrees that he will at his own expense repair and replace all such defective work and all other work damaged thereby for a period of one year from the date of these presents."

This action arises under the exception clause above quoted, and defendant contends that the claims made by plaintiff under this clause were fully released by the first part of the above quoted paragraph. Prior to August 18, 1949, and on the 25th day of April, the wife executed a warranty deed conveying the property to herself and her husband as joint tenants. It is alleged in the complaint that the work and efforts of defendant in attempted compliance of the recission agreement has not been satisfactory and was done in an unskilled and negligent manner and is not free of defects of material and workmanship. Because of this failure they have been damaged in the sum of $5,000. After various motions and bill of particulars were filed, defendant answered, generally denying the allegations of the complaint; setting up numerous matters of affirmative defense; and filed a cross complaint and counterclaim. The prayer of the complaint was for $5,000.

Trial was had to the court. The complaint was filed

January 25, 1951, and final hearing and judgment entered on April 12, 1955. The judgment was in favor of plaintiff Eileen H. Emerson, the wife in the sum of $5,360.80.

Counsel for plaintiff in error contend that the trial court erred in the following particulars: That it was error for the court to allow counsel for plaintiffs to testify as to material matters concerning the merits of the case and at the same time conduct the trial; that it was error to enter judgment in favor of plaintiff in error wife when she, as joint tenant, was seized of an undivided share of the whole estate rather than the whole of an undivided share; that the judgment is based upon estimates of damage and condition of the property as in the year 1955, shortly before trial, and not in the year following the release agreement of August 18, 1949; that acceptance of the work on the date of the release agreement, August 18, 1949, was a release and is a bar to all claims after that date; and finally, that the amount of the judgment is more than that prayed for in the complaint.

The testimony discloses that defendant at the time of the signing of the release agreement admitted there was some unfinished work in connection with what he had already done under the specifications of the original contract and stated that he would make his work good and would guarantee that all of the work he had done would be free from defects in material and workmanship for a period of one year from the date of the release agreement. Plaintiffs accepted the work that had already been done, but on discovery of some claimed defects much later brought this action. The result of the findings and judgment of the court is to the effect that de-defendant be required to do work not called for in the specifications and to meet defects and damage testified to by witnesses who had examined the premises almost five years later. A bill of particulars was filed in the case by plaintiffs.

■ As to the first contention of counsel for plaintiff

in error, that defendant was prevented from receiving a fair trial due to the irregularity of counsel for plaintiffs in acting as counsel in the conduct of the trial and as a witness as to the merits, we are disposed to say that the testimony of counsel for plaintiffs concerning the merits, as it appears in this case, was not essential to the ends of justice. His testimony went beyond that allowable for merely formal matters; however, this incident, while commented upon as to its irregularity and impropriety by the trial court does not seem of sufficient consequence to have prevented a fair trial. Other errors however do appear that require a reversal of the judgment. There is a shadow of irregularity cast over the actions of both plaintiffs concerning the matter of obtaining testimony to support their complaint.

■ ■ The judgment reflects damages against defendant for not doing things not required in the specifications, but which the experts, testifying for plaintiffs, stated that in their opinion he should have done. And again, we note that the damages for such items as were shown to be due to the condition of the property some five years after the work was done were not definitely tied to, or shown to be within, the one year period that defendant in his release agreement guaranteed "for a period of one year" from the date thereof. The bill of particulars filed by plaintiffs contained many items not within the specifications of the original contract and the attempt to hold defendant to such matters as were not within the original specifications was and is reversible error. Such was the effect of the ruling and judgment of the trial court, in that it required defendant to go on and complete a contract which had been rescinded by an agreement terminating the obligation of both parties under the original contract at the point and in the condition to which the work had progressed at the date of the rescission agreement on August 18, 1949. Some unfinished work in the nature of pointing up holes in the stone work, and items of that nature was all that defend-

ant was to do according to the rescission agreement, and the work that would be done in that connection would be guaranteed as to workmanship and material for one year from that date. Beyond this there was no liability and no basis for the complaint herein.

The purpose of the rescission agreement on August 18, 1949, was to relieve defendant of the obligation of completing the original contract, the intention being that plaintiffs would take over from that date.

In addition to the observations already made, the conduct of the husband acting under a power of attorney from his wife, the other plaintiff, precluded recovery. His testimony was that he spent a great deal of time, practically every day on the job, watching the progress of the work and that the work was satisfactory to him except for cleaning up the stone work. When he accepted the work as satisfactory on August 18, 1949, and released all claims to that date, there being no claims at that time other than cleaning the stone work, they cannot now assert claims against defendant for conditions that then existed, on the ground that experts hired later by them advised them that there were defects in defendant's work, which they found nearly five years later.

The judgment seems to be made up of various items shown in the bill of particulars and is for more than the amount prayed for in the complaint and apparently reflects damages to the interests of the husband Edgar I. Emerson, whose complaint was dismissed. Exhibit C, the rescission agreement was prepared by plaintiffs and therefore should have been construed against them in any dispute between the parties over the terms thereof and the trial court so ruled. This ruling, however, was not given effect in arriving at the judgment against defendant. In determining that defendant should do certain work according to the original contract the court disregarded the testimony of plaintiff Edgar I. Emerson who when testifying of the rescission contract

stated: "Certainly I didn't expect him to do any more work on the contract end of it."

In accordance with the views herein expressed the judgment is reversed and the cause remanded with directions to dismiss the complaint.