No. 27425

**The People of the State of Colorado v. The District Court in and for the Third Judicial District, State of Colorado and the Honorable Francis W. Jamison, Acting District Judge Thereof**

(560 P.2d 463)

Decided February 22, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Chief,

Criminal Appeals, Harold A. Haddon, Special Assistant, for petitioner.

No appearance for respondents.

Martin P. Miller, Robert C. Leher, for defendant Ernest U. Sandoval.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The People petitioned this court for relief in the nature of prohibition to prevent an acting district judge in the Third Judicial District from dismissing the prosecutor from a pending case. C.A.R. 21. We issued a rule to show cause and now make the rule absolute.

The prosecutor in question represented the People before a grand jury in 1976. In the course of investigations into activities of Ernest U. Sandoval, District Attorney for the City of Trinidad, the prosecutor asked certain questions of Sandoval. The responses to these questions formed the basis for a subsequent indictment of Sandoval for perjury. The grand jury prosecutor continued his role as prosecutor for the case at trial.[1]

The defendant "moved to dismiss" the prosecutor, contending that the defendant intended to call the prosecutor as a witness to the alleged crime. The respondent trial court granted the motion. This was error.

Every prosecutor may potentially be a witness for the defense insofar as he has interviewed other witnesses and investigated the facts of the case. This alone cannot be a sufficient basis to prevent the execution of his office as prosecutor because it would allow prosecution only by unprepared counsel. *See United States v. Maloney,* 241 F.Supp. 49 (D.C. Pa. 1965). On the other hand, the defendant has a right to call witnesses on his own behalf and to prevent the prosecutor from adding to the weight or credibility of the evidence by acting as both witness and officer of the court. *See U.S. Const.,* Art. VI; *Colo. Const.,* Art. II, § 16; *People v. Spencer,* 182 Colo. 189, 512 P.2d 260 (1973); *People v. Hauschel,* 37 Colo. App. 114, 550 P.2d 876 (1975).

In *People v. Spencer, supra,* we used the test of whether the testimony of the witness was "of sufficient consequence to have prevented a

---

[1] On May 27, 1976, and pursuant to section 24-31-101(1)(a), C.R.S. 1973, the governor ordered the attorney general's office to continue the prosecutions at trial of matters arising out of the grand jury investigation.

fair trial," in order to balance these policy considerations. *Accord, Johnston v. Emerson*, 133 Colo. 343, 296 P.2d 229 (1956); *People v. Hauschel, supra.* In this case, there has been no showing that the role of the prosecutor as a witness would infringe upon the defendant's right to a fair trial.

The charge of perjury in the first degree involves the elements of making a materially false statement, in an official proceeding, under a legally-required oath, with the belief that the statement is untrue. *See* section 18-8-502, C.R.S. 1973; *Marrs v. People*, 135 Colo. 458, 312 P.2d 505 (1957). The defendant contends that, insofar as his defense will be lack of criminal intent, the prosecutor "is essentially a key witness since he propounded the questions," the questions were "vague, unclear and did not allow . . . a fair chance to respond," and the prosecutor's testimony will be required in order to establish "the meaning . . . language and contents" of the questions. Such evidence of the prosecutor's subjective meaning in propounding a question would be irrelevant. The basis of the charge is the *objective* meaning of the question, together with defendant's response thereto and his state of mind at the time. As to the issue of the objective meaning of the questions, the record speaks for itself; the prosecutor's testimony would be unnecessary and without probative value. Because the defendant could not have known of the subjective meaning ascribed to the questions by the prosecutor, any evidence regarding the prosecutor's state of mind would not have probative value as to the fact in issue — the defendant's state of mind.

The defendant does not contend that the grand jury transcript is an erroneous report. Moreover, the prosecutor's possible role as a witness in laying a foundation for admission of the grand jury transcript, or as a witness in corroborating the contents of the transcript, *see People v. Mazza*, 182 Colo. 166, 511 P.2d 885 (1973), would be cumulative and relevant only to an uncontested matter. The testimony of the prosecutor simply does not play a significant role in the posture of this case. Accordingly, it is not of sufficient consequence to prevent a fair trial. *See People v. Spencer, supra; see also Code of Professional Responsibility* DR 5-101(B)(1) & (2) (lawyer may accept employment where role as witness would only be as to uncontested matter or matter of formality), DR 5-102(B) (where lawyer may be witness other than on behalf of client, predicate for withdrawal is whether his testimony may be "prejudicial to *his client*" (emphasis added); *American Bar Association Standards Relating to The Prosecution Function* § 1.2 and Comment (1971).

Rule made absolute.