## No. 28115

**Carlos Riboni v. The District Court in and for the Tenth Judicial District, State of Colorado, and the Honorable Phillip J. Cabibi, one of the District Judges in and for the Tenth Judicial District, State of Colorado**

(586 P.2d 9)

Decided September 11, 1978.

John Purvis, Acting State Public Defender, Dennis Maes, Deputy, for petitioner.

J. E. Losavio, Jr., District Attorney, Warren T. Marshall, Deputy, for respondents.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The petitioner Riboni brought this original proceeding pursuant to C.A.R. 21 seeking relief in the nature of mandamus. He asks that we order the respondent trial court to reverse its ruling denying his motion for appointment of a special prosecutor, or, that we order the case dismissed. We issued a rule to show cause and having concluded that the trial court did not abuse its discretion, we now discharge the rule.

Riboni was charged with two counts of vehicular homicide[1] based on allegations that he was the driver of a truck involved in a fatal collision. Prior to trial, Riboni's counsel, in an effort to disqualify the deputy district attorney assigned to the case, moved for the appointment of a special prosecutor.

The unsworn motion stated as the grounds allegedly requiring appointment of a special prosecutor:

"1. That Deputy District Attorney, Victor Reichman was involved in the investigatory stage prior to the time defendant herein was charged with two counts of vehicular homicide.

"2. That said Deputy District Attorney will be endorsed as a witness by the defense."

At the hearing on the motion, no testimony or other evidence was offered to support it. Rather Riboni's counsel stated, and the People acknowledged, that Victor Reichman, the deputy district attorney assigned to prosecute the case, had been called to the accident scene and there had

---

[1] Section 18-3-106, C.R.S. 1973 (1976 Supp.).

participated, with an investigator and a deputy sheriff, in obtaining a statement from one Saiz, who was endorsed as a prosecution witness. In that initial statement, Saiz had indicated that he had been driving the truck involved at the time of the accident. When later interviewed by a state highway patrolman, however, Saiz denied having been the driver.

Riboni's counsel stated that he intended to call Reichman as a witness, apparently for the purpose of impeaching Saiz's later denial that he had been the driver. However, there was no claim or showing that Saiz would deny having made the first statement, and therefore there was no indication impeachment evidence from Reichman would be needed or even admissible.

■ To disqualify a prosecuting attorney, the defendant has the burden of establishing facts sufficient to persuade the trial court that he probably will be denied a fair trial if the prosecuting attorney is not removed. *Wheeler v. District Court,* 180 Colo. 275, 504 P.2d 1094 (1973). The mere fact that the defense intends to call the prosecutor as a witness does not, without more, dispose of the question. In the circumstances here presented, there has been no showing that the defendant will be denied a fair trial if the prosecutor testifies.

On the other hand, there may be significant prejudice to the People if Reichman is precluded from participating in the prosecution. It appears that he has been specially trained to handle vehicular homicide cases and that it is a normal part of his case preparation routine to participate in an on-the-scene investigation of the accident whenever possible. Necessarily this would make him a witness to some aspect of every such case. Were it possible to disqualify him merely because he had obtained some factual knowledge of the case by first-hand investigation, he, and the People, would be penalized for having sought excellence in case preparation.

■ Every prosecutor who participates directly in interviewing and otherwise investigating his cases subjects himself to the risk of being called as a witness. But to allow opposing counsel the unfettered option of removing any prosecutor who has personal knowledge of any material fact in the case might well result in restricting the prosecution function to the ill-prepared. *People v. District Court,* 192 Colo. 480, 560 P.2d 463 (1977).

■ Our justice system has encouraged trial lawyers to participate directly in case preparation, including interviewing witnesses.[2] Obviously this system could not function efficiently if every prosecutor who has interviewed a witness could be disqualified from participating in the trial

---

[2] In some countries, such as England, the entire case preparation function is performed by a solicitor who then turns the "brief" over for trial by a barrister, who has no direct pretrial contact with the witnesses. But that is not our tradition. Here trial lawyers are not isolated from witnesses, but have an affirmative duty to prepare themselves by interviewing the witnesses if there is reasonable opportunity to do so.

merely because there is a possibility he may be called as a witness.[3]

As Mr. Justice Erickson wrote for the court in *People v. District Court, supra:*

"On the other hand, the defendant has a right to call witnesses on his own behalf and to prevent the prosecutor from adding to the weight or credibility of the evidence by acting as both witness and officer of the court. *See U.S. Const.,* Amend. VI; *Colo. Const.,* Art. II, §16; *People v. Spencer,* 182 Colo 189, 512 P.2d 260 (1973); *People v. Hauschel,* 37 Colo. App. 114, 550 P.2d 876 (1975).

"In *People v. Spencer, supra,* we used the test of whether the testimony of the witness was 'of sufficient consequence to have prevented a fair trial,' in order to balance these policy considerations. *Accord, Johnston v. Emerson,* 133 Colo. 343, 296 P.2d 229 (1956); *People v. Hauschel, supra.* In this case, there has been no showing that the role of the prosecutor as a witness would infringe upon the defendant's right to a fair trial." *People v. District Court,* 192 Colo. at 481, 482, 560 P.2d at 464 (1977).

■ In our view the petitioner Riboni has failed to carry his burden of demonstrating *either* that he will probably need Reichman's testimony to impeach Saiz, or that if he does call Reichman for that purpose, he will be denied a fair trial. At the hearing on the petitioner's motion, the People conceded that Saiz had made the contradictory statements, and there is no reason to assume they will not concede the point at trial.[4] If that occurs, obviously, there will be no need for Reichman's testimony. Even if Saiz at trial should deny having made the first statement, the investigator and deputy sheriff will presumably be available to impeach his denial, and Reichman's testimony will be merely cumulative.

We hold, therefore, that the trial court neither exceeded its jurisdiction nor abused its discretion in denying the petitioner's motion to disqualify the prosecutor.

The rule to show cause is discharged.

■

---

[3] "To compel a district attorney to recuse himself on the unsworn, unsupported, conclusory allegation of a defendant would effect equally bizarre results, in that defendants could unduly complicate and delay prosecutions by summary disqualifications of duly elected prosecuting officers." *Wheeler v. District Court,* 180 Colo. at 279, 504 P.2d at 1096 (1973).

[4] We note that Canon 5 of our Code of Professional Responsibility imposes no restriction on an attorney's testifying in a case in which he is acting as counsel, "if the testimony will relate solely to an uncontested matter." DR 5-101(B)(1). In any event, where a lawyer does not learn that he may be called as witness until after he had commenced work in pending litigation, "he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client." DR 5-102(B).