Jacqueline CLARY, Plaintiff-Appellant,

v.

The COUNTY COURT IN and For the CITY AND COUNTY OF DENVER, and the Honorable Larry Bohning, one of the Judges thereof, Defendants-Appellees.

No. 81CA0551.

Colorado Court of Appeals, Div. III.

June 17, 1982.

Rehearing Denied July 8, 1982.

Certiorari Denied Sept. 13, 1982.

Jim Leventhal, P. C., Denver, for plaintiff-appellant.

Max P. Zall, City Atty., Lee G. Rallis, Howard E. Willner, Asst. City Attys., Denver, for defendants-appellees.

STERNBERG, Judge.

In a county court action relating to alleged driving violations by plaintiff, Jacqueline Clary, the court granted the defendant City's motion to quash subpoenas. In a pleading entitled in part, "Complaint for relief in the nature of prohibition ...."

Clary sought review under C.R.C.P. 106 in the district court. That court entered a judgment affirming the county court's ruling and Clary appeals. We affirm in part, reverse in part, and remand for further proceedings.

Clary was charged with a municipal traffic offense, turning from the wrong position, a three-point violation. The city attorney offered to reduce it to a two-point offense if Clary would plead guilty. Clary refused and requested a jury trial. Thereafter, the City moved to amend the charges to include two more charges based on the same incident.

Because she believed these charges were added to coerce her guilty plea, Clary moved to dismiss.[1] She also served the city with two subpoenas. One required two deputy city attorneys to testify at the hearing on Clary's motion to dismiss and one required the city attorney to produce the following: Complete records since January 1, 1978, of all traffic cases reflecting those situations in which the city attorney had moved to add additional charges after a defendant demanded a trial on a traffic offense; complete records for the same period of all traffic tickets which were reviewed by the city attorney and on which no charges were added, of those persons who chose to have a trial or those persons who entered into plea dispositions before trial; all traffic tickets for the same period which were paid without the defendant going to court, reflecting additional charges added by the city attorney after the ticket was issued by the police officer, and those tickets on which no charges were added.

After hearing arguments of counsel, the county court ruled that under C.M.C.R. 216 the scope of discovery may be limited so as to prohibit such extensive requests and that the subpoenas were unreasonable and oppressive. Clary contends that this was an abuse of discretion and that without these

subpoenas she will have no evidence to support her motion to dismiss.

■ Before relief can be granted under C.R.C.P. 106(a)(4), the plaintiff must prove that the inferior tribunal lacked jurisdiction or abused its discretion. *Kornfeld v. Perl Mack Liquors, Inc.,* 193 Colo. 442, 567 P.2d 383 (1977). The county court based its decision on C.M.C.R. 216 which allows discovery and inspection of documents provided the request is reasonable. It found that the requests were not reasonable based on the statement of the city attorney that: If the city attorneys were forced to testify, they would have to recuse themselves and appoint a special prosecutor at the expense of the public. Also, based upon counsel's statements that in 1979 alone 161,711 traffic cases were filed, and since compliance with the subpoenas would require that not only the files but the tape recordings of the proceedings would have to be reviewed, the court concluded that compliance with the subpoenas would require inordinate expenditures of time and money by the city.

■ We agree with the trial court that the production of documents was unreasonable and oppressive. *Cf. Curtis, Inc. v. District Court,* 186 Colo. 226, 526 P.2d 1335 (1974) (construing C.R.C.P. 26(c) for a protective order to be decided on the basis of the facts of each case), and 4 *Moore's Federal Practice* ¶ 26.68 (2d ed. 1982) (also construing C.R.C.P. 26(c)).

■ However, requiring the city attorneys to testify and thus recuse themselves thereby necessitating appointment of a special prosecutor is a minimal inconvenience and neither unreasonable nor oppressive. *See People v. Stevens,* Colo.App., 642 P.2d 39 (1981). *See also United States v. Feeney,* 501 F.Supp. 1337 (D.Colo.1980); *People v. District Court,* 192 Colo. 480, 560 P.2d 463 (1977). Where, as here, an accused alleges

1. With respect to this substantive issue, not before us on this appeal, *compare United States v. Goodwin,* 637 F.2d 250 (4th Cir. 1981), *cert. granted,* 454 U.S. 1079, 102 S.Ct. 632, 70 L.Ed.2d 613 (1981) *with United States v. Andrews,* 633 F.2d 449 (6th Cir. 1980), *cert. de-*

*nied, sub. nom.,* 450 U.S. 927, 101 S.Ct. 1382, 67 L.Ed.2d 358 (1981); *Jackson v. Walker,* 585 F.2d 139 (5th Cir. 1978); *Hardwick v. Doolittle,* 558 F.2d 292 (5th Cir. 1977), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978).

prosecutorial vindictiveness and, in attempting to prove such allegation, is engaged in more than a mere fishing expedition, such party should not be denied the opportunity to call the prosecuting attorney as a witness. *See Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *United States v. Goodwin, supra; Hardwick v. Doolittle, supra; People v. District Court, supra.*

The judgment is affirmed as to the production of the traffic case records and is reversed as to the subpoena of the city attorneys, and the cause is remanded for further proceedings consistent with this opinion.

KIRSHBAUM and TURSI, JJ., concur.