Jeffrey Marcus **PEASE**, Petitioner,

v.

The **DISTRICT COURT** In and For the **NINTH JUDICIAL DISTRICT**, State of Colorado, and the Honorable Judson E. DeVilbiss, one of the Judges thereof, Respondents.

No. 84SA415.

Supreme Court of Colorado, En Banc.

Nov. 4, 1985.

As Modified on Denial of Rehearing Dec. 2, 1985.

Haddon, Morgan & Foreman, P.C., Lee D. Foreman, Denver, for petitioner.

Milton K. Blakey, Dist. Atty., Ninth Judicial Dist., Keith Cross, Asst. Dist. Atty., Glenwood Springs, for respondents.

Raymond T. Slaughter, Executive Director, Colo. Dist. Atty's Council, Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for amicus curiae, Colo. Dist. Atty's Council.

ERICKSON, Justice.

In this original proceeding, petitioner, Jeffrey Marcus Pease, seeks a new preliminary hearing on charges of possession and use of cocaine and sexual assault. Petitioner also seeks to disqualify the District Attorney for the Ninth Judicial District to appoint a special prosecutor. We issued a

rule to show cause why the petition should not be granted. We make the rule absolute to disqualify the district attorney. The court is equally divided on the issue of a new preliminary hearing. Accordingly, the rule to show cause is discharged and the trial court's denial of petitioner's motion for a new preliminary hearing is affirmed by operation of law. C.A.R. 35(e).

## I.

Petitioner was charged with a seven-count amended information in Pitkin County District Court. Counts one and two charged the possession and use of cocaine. Counts three and four alleged that petitioner sexually assaulted a minor (victim). Count five alleged that petitioner induced the victim to use cocaine. Counts six and seven contained allegations not germane to this proceeding.

The prosecution planned to call the victim as a witness at petitioner's preliminary hearing. Prior to the hearing, counsel for the victim advised the prosecution that the victim would assert his privilege against self-incrimination as to any questions involving drug violations by the victim. The prosecution did not advise defense counsel or the district court of the fact that the victim would invoke the fifth amendment.

During the preliminary hearing, the victim testified on direct examination that he had "exchanged" cocaine with the petitioner and had observed the petitioner using cocaine. On cross-examination, the victim invoked the privilege against self-incrimination and refused to answer questions of defense counsel relating to his possession and use of cocaine in the petitioner's house.[1] The district court refused to order the victim to answer the questions. At the conclusion of the hearing, the court found probable cause to bind the defendant over

---

1. The record of the preliminary hearing reveals the following exchange between defense counsel and the victim:

    Q: And you have discussed some cocaine on the evening of February 28, 1984?
    A: Yes.

    Q: Am I correct, sir, that that was cocaine that you brought into Jeffrey Pease's house?
    A: I refuse to answer that for it might incriminate me.
    Q: Did you use any cocaine on that evening?
    A: Again, I refuse to answer that.

for trial on all counts except count five, which was dismissed.

Petitioner filed a motion in the district court seeking a new preliminary hearing on counts one through four or, alternatively, dismissal of those counts. After a hearing, the motion was denied. Petitioner claimed that the victim's refusal to answer the questions propounded by defense counsel denied petitioner his right to cross-examine an adverse witness. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In his motion, petitioner cited the prosecution's failure to inform the district court or defense counsel that a witness would be called who would assert the privilege against self-incrimination if certain questions were asked.

Petitioner also filed a motion to disqualify the District Attorney for the Ninth Judicial District from the prosecution of his case and to appoint a special prosecutor. As grounds for the motion, petitioner alleged that two attorneys in the district attorney's office would testify as material witnesses at petitioner's trial. The district court denied the motion.

## II.

■ The petitioner asserts that he is entitled to a new preliminary hearing because a witness invoked the privilege against self-incrimination during cross-examination. Three members of the court are of the opinion that the refusal of the witness to answer certain questions on cross-examination does not require a new preliminary hearing. The other three members of the court would grant a new preliminary hearing in which the witness would be permitted to testify only if he did not invoke his privilege against self-incrimination. Since the court is equally divided on this issue in the rule to show cause, the trial court's denial of petitioner's motion for a new preliminary hearing is affirmed by operation of law. C.A.R. 35(e).

## III.

■ Petitioner also contends that the trial court abused its discretion in denying petitioner's motion to disqualify the District Attorney for the Ninth Judicial District and to appoint a special prosecutor. He claims that two attorneys in the district attorney's office, David Marsh and Jonathan Toof, will testify as material witnesses at petitioner's trial, requiring disqualification of the entire staff of the district attorney's office. We agree.

We have repeatedly held that a district attorney must be disqualified in a criminal case where he or a member of his staff will appear as a witness and give testimony of sufficient consequence to prevent a fair trial. *People v. Garcia,* 698 P.2d 801 (Colo. 1985); *Riboni v. District Court,* 196 Colo. 272, 586 P.2d 9 (1978); *People v. District Court,* 192 Colo. 480, 560 P.2d 463 (1977); *People v. Spencer,* 182 Colo. 189, 512 P.2d 260 (1973). The rationale for disqualification is that the defendant has a right "to prevent the prosecutor from adding to the weight or credibility of the evidence by acting as both witness and officer of the court." *People v. District Court,* 192 Colo. at 481, 560 P.2d at 464. The Code of Professional Responsibility prohibits representation by a private law firm when an attorney associated with the firm is required to withdraw because of an ethical rule. *Code of Professional Responsibility* DR 5–105(D). We recently recognized that the rule of imputed disqualification may be considered in determining whether disqualification of the entire staff of a district attorney's office is appropriate. *People v. Garcia,* 698 P.2d at 806.

Marsh is endorsed as a witness for the prosecution and will testify as to incriminating statements the petitioner made to him. Toof will be called by defense counsel to testify concerning the petitioner's exculpatory statements and abuses allegedly committed by the prosecution. The testimony of Marsh and Toof has become necessary because of Toof's extensive personal involvement in the investigation of the case against petitioner. In particular, petitioner asserts that his statements to Marsh were induced by Toof's promises of assistance

and leniency during an interview with the petitioner.

The testimony of Marsh and Toof is of sufficient consequence that it could prevent a fair trial. The present case is not one in which the testimony is directed to a formal matter that has no probative value on the issue of guilt. *See People v. District Court*, 192 Colo. at 480, 560 P.2d at 463. Marsh and Toof will testify to contested issues. *See Riboni v. District Court*, 196 Colo. at 272, 586 P.2d at 9. The testimony in issue is both relevant and material to the issue of guilt. *See People v. Garcia*, 698 P.2d at 807.

The fact that Marsh and Toof have recently resigned their positions as deputy district attorneys does not change our conclusion. Their testimony will relate to their investigation and preparation, as deputy district attorneys, of the prosecution's case against the petitioner and would add credibility to the prosecution's case against petitioner.

There is no question that Marsh and Toof would be disqualified from appearing on behalf of the prosecution because of their role as witnesses. *Code of Professional Responsibility* DR 5–101(B) & DR 5–102. Because of the appearance of impropriety, the rule of imputed disqualification requires disqualification of the District Attorney for the Ninth Judicial District and his staff. *Code of Professional Responsibility* DR 5–105(D) & Canon 9.

Accordingly, the rule to show cause is made absolute as to the disqualification of the District Attorney for the Ninth Judicial District and is discharged as it relates to the granting of a new preliminary hearing.

LOHR, J., does not participate.