**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**C.V., a child, Defendant–Appellee.**

**and concerning, Helen Rowe, parental respondent.**

No. 02SA331.

Supreme Court of Colorado, En Banc.

March 3, 2003.

---

Mike Davidson, District Attorney for the Fifteenth Judicial District, Lamar, CO, Attorneys for Plaintiff–Appellant.

David S. Kaplan, Colorado State Public Defender, Gail Morrison, Deputy State Public Defender, La Junta, CO, Attorneys for Defendant–Appellee.

Justice KOURLIS delivered the Opinion of the Court.

In this case, we determine that the trial court abused its discretion by disqualifying the District Attorney from prosecuting the defendant for allegations of criminal mischief on the basis that the District Attorney was a member of the congregation of the vandalized church and had seen the defendant at that church at some time in the past.[1]

---

1. The exact questions raised on appeal are: "Whether the trial court erred by finding that the procedural provisions of C.R.S. 20–1–107, effective July 1, 2002, did not apply because the date of offense occurred prior to the effective date of the statute, despite the fact that the motion for a special prosecutor was filed on October 2, 2002," and "Whether the trial court's ruling disqualify-

**274**

## I. Facts and Procedural History

The juvenile defendant here faces prosecution based on numerous crimes committed at various times. Of specific relevance at this stage of the proceeding are allegations that the defendant broke into the Lamar Church of Christ on May 18, 2002, and damaged property therein. Because the District Attorney attends the church and stated that he has before seen the defendant at the church, the defendant sought disqualification of the Fifteenth Judicial District Attorney's office and appointment of a special prosecutor to proceed with the case. On October 25, 2002, the trial court, operating under section 20–1–107 as it existed prior to July 1, 2002, granted the defendant's motion without the introduction of any evidence, stating that the District Attorney's prosecution of the case created an appearance of impropriety. The People contest that decision.

## II. Jurisdiction

■ The People assert alternate grounds for jurisdiction in this case. They first rely upon sections 20–1–107(3), 6 C.R.S. (2002), 16–12–102(2), 6 C.R.S. (2002) and C.A.R. 4.1, which affirmatively create a right of interlocutory appeal to contest district attorney disqualification orders. Alternatively, the People contend original jurisdiction exists under C.A.R. 21.

■ We exercise our discretion to accept original jurisdiction pursuant to the provisions of C.A.R. 21. Prior to the enactment of the amendments to sections 20–1–107 and 16–12–102, this court accepted original jurisdiction under C.A.R. 21 over appeals raising similar issues. *See, e.g., People v. Palomo,* 31 P.3d 879 (Colo.2001) (evaluating district attorney removal as an original proceeding pursuant to C.A.R. 21); *People ex rel. Sandstrom v. Dist. Ct.,* 884 P.2d 707 (Colo.1994) (reviewing district attorney disqualification as an original proceeding pursuant to C.A.R. 21); *Riboni v. Dist. Ct.,* 196 Colo. 272, 586 P.2d 9 (1978) (accepting jurisdiction over original proceeding brought by party seeking relief in the nature of mandamus pursuant to C.A.R. 21 for district attorney disqualifica-

tion). The exercise of original jurisdiction is discretionary and may be appropriate where the ruling at issue "may have a significant impact on a party's ability to litigate the merits of a controversy," or where the district court is proceeding without or in excess of its jurisdiction. *People v. Braunthal,* 31 P.3d 167, 172 (Colo.2001) (citations omitted); *see also, People v. Casias,* 59 P.3d 853, 856 (Colo.2002). Further, original jurisdiction may be necessary to review a serious abuse of discretion that could not adequately be remedied by appellate review. *See Casias,* 59 P.3d at 856; *Braunthal,* 31 P.3d at 172 (quoting *People v. Dist. Ct.,* 790 P.2d 332, 334–35 (Colo.1990)). As we have addressed similar district attorney disqualification cases under our original jurisdiction, we now similarly exercise our discretion to accept original jurisdiction in this case pursuant to C.A.R. 21.

## III. Analysis

■ Generally, Colorado requires its district attorneys to prosecute criminal cases on behalf of the state and the counties within his or her district. Colo. Const. art. VI, § 13; § 20–1–102(1)(a), 6 C.R.S. (2002). Trial courts, however, have broad discretion to disqualify district attorneys from prosecuting a particular case. Section 20–1–107, as it existed prior to July 1, 2002, provided the trial courts discretion to disqualify a district attorney, and to appoint a special prosecutor, if the district attorney was "interested" in the case. § 20–1–107, 6 C.R.S. (2001) (amended 2002). Additionally, under that statute this court has also approved disqualification if the continued prosecution of the case by the district attorney would create an "appearance of impropriety." *See People v. Palomo,* 31 P.3d 879, 882 (Colo.2001); *People ex rel. Sandstrom v. Dist. Ct.,* 884 P.2d 707, 710 (Colo.1994); *People v. Garcia,* 698 P.2d 801, 806 (Colo.1985).

Effective July 1, 2002, the General Assembly amended section 20–1–107 to read:

A district attorney may only be disqualified in a particular case at the request of the district attorney or upon a showing

ing the Office of the District Attorney constituted an abuse of discretion pursuant to C.R.S. 20–1–

107 as it existed either before, or after, July 1, 2002."

that the district attorney has a personal or financial interest or finds special circumstances that would render it unlikely that the defendant would receive a fair trial. A motion to disqualify a district attorney shall be served upon the district attorney at least two weeks before the motion is heard. Such motion shall contain at least a statement of the facts setting forth the grounds for the claimed disqualification and the legal authorities relied upon by the movant and shall be supported by affidavits of witnesses who are competent to testify to the facts set forth in the affidavit. The district attorney may file a response in opposition to the motion and may appear at any hearing held on the motion. The judge shall review the pleadings and determine whether an evidentiary hearing is necessary. The motion shall not be granted unless requested by the district attorney or unless the court finds that the district attorney has a personal or financial interest or special circumstances exist that would render it unlikely that the defendant would receive a fair trial.

§ 20–1–107(2), 6 C.R.S. (2002). The first question before this court today is whether the trial court should have applied the amended provisions of the statute, because it was in effect as of the date the motion was filed, despite the fact that the criminal act giving rise to the issue occurred prior to the effective date of the amendments. We find it unnecessary to reach that question, as the trial court clearly abused its discretion in disqualifying the District Attorney, irrespective of which standard applied to the motion.

■ Under the section 20–1–107 as it read prior to the July, 2002 amendments, the General Assembly did not define or qualify the term "interested." We have interpreted the term to mean that disqualification is warranted when the district attorney has some involvement in the defendant's case such that the district attorney's ability to continue the prosecution fairly would be impaired. *See Sandstrom*, 884 P.2d at 710. However, a showing of mere partiality is not sufficient. "[A]llegations of interest must show a concern in the outcome of the matter such that the district attorney will either reap some benefit or suffer some disadvantage." *Peo-ple ex rel. Losavio v. Gentry*, 199 Colo. 153, 160, 606 P.2d 57, 62 (1980); *see also Gray v. Dist. Ct.*, 42 Colo. 298, 304, 94 P. 287, 289 (1908).

Even where the district attorney has no direct interest in the case, we have allowed district attorney disqualifications where there is an "appearance of impropriety". *See Palomo*, 31 P.3d at 882 (recognizing that disqualification can be based on a finding of an appearance of impropriety, but reversing the trial court's order due to insufficient evidence that such a result would transpire); *Sandstrom*, 884 P.2d at 710–11 (holding that the trial court abused its discretion in disqualifying the district attorney, as the district attorney's involvement in both a criminal case and a civil forfeiture case was too attenuated to constitute an actual conflict of interest or an appearance of impropriety); *Garcia*, 698 P.2d at 806 (recognizing the appearance of impropriety standard, but finding no abuse of discretion where the trial court disqualified the district attorney listed as a prosecution witness). Generally, we have defined appearance of impropriety as a circumstance where the district attorney again has 'an interest' in the matter aside from his or her "professional responsibility of upholding the law." *Sandstrom*, 884 P.2d at 711 (quoting *People v. Dist. Ct.*, 189 Colo. 159, 162, 538 P.2d 887, 889 (1975)); *see also Palomo*, 31 P.3d at 882. In evaluating whether an appearance of impropriety exists, we have been careful to note that courts should not accept the most cynical view. *Palomo*, 31 P.3d at 882; *McFarlan v. Dist. Ct.*, 718 P.2d 247, 249 (Colo.1986).

■ In determining whether to disqualify a district attorney, the trial court should focus on whether disqualification appears reasonably necessary to ensure "the integrity of the fact-finding process, the fairness or appearance of fairness of trial, the orderly or efficient administration of justice, or public trust or confidence in the criminal justice system." *Garcia*, 698 P.2d at 806 (internal quotations omitted); *see also Palomo*, 31 P.3d at 882. It is incumbent upon the defendant to present sufficient evidence to support a conclusion that he or she will be denied a

fair trial if the prosecuting attorney is allowed to proceed with the prosecution. *See Riboni v. Dist. Ct.*, 196 Colo. 272, 274, 586 P.2d 9, 11 (1978); *Wheeler v. Dist. Ct.*, 180 Colo. 275, 278–79, 504 P.2d 1094, 1096 (1973).

 In reviewing a trial court's decision to disqualify a district attorney, this court looks to whether the facts support a conclusion that the "public would perceive continued prosecution by the district attorney's office, under the particular circumstances here, as improper and unjust, so as to undermine the credibility of the criminal process in our courts." *Palomo*, 31 P.3d at 882 (quoting *People v. County Ct.*, 854 P.2d 1341, 1344–45 (Colo.App.1992)). This court will find that the trial court abused its discretion only where the decision is found to be manifestly arbitrary, unreasonable, or unfair. *See Palomo*, 31 P.3d at 882.

 In this case, the factual basis for the trial court's order disqualifying the District Attorney and appointing a special prosecutor was the District Attorney's membership in the church congregation and his statement that he had seen the defendant at the church at some time prior to the commission of the crime, rendering him a possible witness. We find these facts far too attenuated, with respect to the prosecutor's ability to prosecute the case fairly or to the public's perception of fairness, to constitute either an interest in the case or the appearance of impropriety sufficient to disqualify the District Attorney.

In any community, there is a distinct possibility that district attorneys will attend church, just as they may go to the grocery store, the gym, the bank; or they may be involved in community meetings, schools or volunteer programs. Because a crime takes place at one of these facilities does not render the district attorney unable to prosecute the case fairly. To hold otherwise would greatly impair the independence of the district attorney and could serve to prejudice the constitutional duties he or she performs. The defendant suggests that the District Attorney could receive personal benefit or detriment—emotional, spiritual, and financial—by continuing to prosecute the case. We feel this possibility is too vague to support the District Attorney's disqualification. The same argument might be made about a district attorney who shopped at a vandalized grocery store where he had seen the defendant in the past. Perhaps the vandalism could affect the prices the grocery store charged, and impact the district attorney, but such an outcome does not constitute an "interest" in the proceeding. The defendant's allegation of some spiritual interest or benefit does not change our analysis. Especially in smaller communities, the defendant's argument could potentially disqualify the district attorney in practically every prosecution. We conclude that the alleged interest in this case does not rise to such a level as to impede or impugn his professional responsibility to uphold the law.

 Similarly, the mere fact that the District Attorney may have seen the defendant at the church on some prior occasion and may be called as a witness does not, without more, justify his removal from the case. *See Riboni*, 196 Colo. at 274, 586 P.2d at 11 (holding that the trial court did not abuse its discretion in denying a request for a special prosecutor where there was no indication the impeachment testimony of the district attorney stemming from an interview with the defendant would be needed). Typically, whether a district attorney should be disqualified as a potential witness depends on whether the potential testimony is of sufficient consequence to prevent a fair trial. *See Garcia*, 698 P.2d at 805. There is no indication at this time that the District Attorney's identification testimony will even be needed. Moreover, even if the District Attorney testified, there is no evidence that the testimony would prevent a fair trial. The identification of the defendant at the church at some point does not necessarily implicate the defendant in the crime. The arrest warrant indicates that the church's pastor recognized the defendant as a member of the congregation so, it would not be unusual if numerous people, including the District Attorney, had seen the defendant around the facility at some point. To allow disqualification in this case would essentially provide defendants the unfettered option of disqualifying a prosecutor whenever a district attorney had knowledge of any fact

surrounding a case. This is not a path we are willing to travel.

In only the most cynical mind would these facts lend themselves to a determination that the prosecutor would be unable to proceed fairly. Whether applying the standards articulated by section 20–1–107 either before or after the 2002 amendments, courts cannot justify the removal of the District Attorney's office based on such attenuated facts. The trial court had insufficient evidence to reach the conclusion that the District Attorney had an actual interest in the case or that an appearance of impropriety existed such that the public would perceive the continued prosecution by the District Attorney as so unjust and improper as to undermine their confidence in the criminal justice system. For these reasons, we find the trial court abused its discretion in disqualifying the District Attorney. We reverse that order and remand the case for proceedings consistent with this opinion.