The PEOPLE of the State of Colorado, Plaintiff–Appellant

v.

Alejandro PEREZ, Plaintiff–Appellant.

No. 10SA33.

Supreme Court of Colorado, En Banc.

Sept. 13, 2010.

Carol Chambers, District Attorney, Eighteenth Judicial District, Andrew Cooper, Chief Deputy District Attorney, Centennial, Colorado, Attorneys for Plaintiff–Appellant.

Castle & Castle PC, James A. Castle, Judy L. Lucero, Denver, Colorado, Attorneys for Defendant–Appellee.

Justice BENDER delivered the Opinion of the Court.

## I. Introduction

In this interlocutory appeal by the prosecution, we review the trial court's order disqualifying the Office of the District Attorney for the Eighteenth Judicial District.[1] The trial court found that the District Attorney's Office received $91,648.19 from the Department of Corrections for the costs of prosecut-

---

1. The prosecution makes this interlocutory appeal pursuant to sections 20–1–107(3) and 16–12–102(2), C.R.S. (2009), which authorize interlocutory appeals from a district court order of disqualification of a district attorney.

ing the defendant, Alejandro Perez. According to the court, this financial assistance violated section 20–1–302, C.R.S. (2009) because the boards of county commissioners comprising the Eighteenth Judicial District did not approve of the funding.[2] The trial court held that this financial interest of the District Attorney's Office and alleged irregularity of the funding arrangement constituted an independent and sufficient reason to disqualify the District Attorney's Office under section 20–1–107(2), C.R.S. (2009). In so holding, the trial court implicitly read the statutory term "financial interest" in isolation from the phrase "that would render it unlikely that the defendant would receive a fair trial," the statute's "fair trial" clause. In other words, the trial court ruled that a district attorney can be disqualified for possessing a financial interest irrespective of whether that financial interest implicates the defendant's right to a fair trial.

The People argue that the statute's "fair trial" clause modifies the term "financial interest." In other words, the People assert that a district attorney should only be disqualified for possessing a financial interest if that financial interest implicates the defendant's right to a fair trial. Under this construction of the statute, because Perez presented no evidence that the funding arrangement would prevent him from receiving a fair trial, the People claim that the trial court's order disqualifying the district attorney is erroneous. Arguing to the contrary, Perez supports the trial court's order, reading the statutory phrase "financial interest" as constituting an independent basis for disqualification. We agree with the People's argument.

We construe the statutory phrase "financial interest" in section 20–1–107(2) in the same way we construed the phrase "personal interest" in the statute. *See People ex rel. N.R.*, 139 P.3d 671, 676 (Colo.2006); *People v. C.V.*, 64 P.3d 272, 275–76 (Colo.2003). By this construction, we hold that a district attorney's or her office's financial interest is a statutorily authorized basis for disqualification only if the financial interest would render it unlikely that the defendant would receive a fair trial. For a financial interest to implicate the fairness of a trial, it must be outcome dependent or have a substantial impact on the district attorney's discretionary functions, such that the district attorney's conduct interferes with, is contrary to, or is inconsistent with her duty of seeking justice. Here, the defendant presented no evidence that the funding arrangement between the District Attorney's Office and the Department of Corrections would render it unlikely that he would receive a fair trial. Hence, we reverse the order of the trial court on this issue.

In addition to disqualifying the District Attorney's Office for possessing a financial interest in the litigation, the trial court disqualified the District Attorney's Office on two alternative grounds: (1) that the additional facts of the financial arrangement provided a sufficient basis to disqualify the district attorney under the inherent authority of the trial court; and (2) that the funding arrangement between the District Attorney's Office and the Department of Corrections constituted "special circumstances" warranting disqualification under section 20–1–107(2).

Addressing the trial court's two alternative grounds, we have construed section 20–1–107(2) to be the sole means by which a trial court may disqualify a district attorney. *N.R.*, 139 P.3d at 675. However, we did not decide whether the statute conflicts with the judiciary's inherent authority to disqualify a district attorney. *Id.* at 675 n. 3. In a previous appeal (*Perez I* ), we followed our earlier construction of section 20–1–107(2), wherein we held that the financial arrangement in this case did not constitute a "special circumstance" rendering it unlikely that Perez would receive a fair trial. *People v. Perez (Perez I)*, 201 P.3d 1220, 1234 (Colo.2009). We held that the special circumstances provi-

---

2. In our analysis, we do not address the legality of the funding arrangement between the District Attorney's Office and the Department of Corrections. For the purposes of this opinion only, we assume that the funding arrangement violated section 20–1–302. This assumption should not be construed as a decision on the issue of whether the financial assistance to the District Attorney's Office violated any statute.

sion of section 20–1–107(2) requires a showing that facts exist rendering it unlikely that the defendant would receive a fair trial. *Id.; see also People v. Lincoln,* 161 P.3d 1274, 1279 (Colo.2007). In *Perez I,* the defendant failed to meet this burden to show it was unlikely he would receive a fair trial. Similarly, in this appeal, Perez presented no evidence that the additional details he introduced concerning the funding arrangement would render it unlikely that he would receive a fair trial.

The trial court's order disqualifying the District Attorney's Office was based on its conclusion that either special circumstances existed to disqualify the district attorney under the statute or that sufficient facts existed to disqualify under the inherent authority of the trial court.[3] The trial court's conclusion that either special circumstances existed or that sufficient additional facts existed contravenes our precedent because Perez presented no evidence that the funding arrangement would render it unlikely that he would receive a fair trial. Because this court recently addressed the governing law concerning the relationship between a fair trial and special circumstances, we do not address these arguments in the body of our opinion. We reverse and remand for proceedings consistent with this opinion.

## II. Facts and Proceedings Below

This case represents the second interlocutory appeal of the trial court's disqualification of the District Attorney's Office based upon aspects of the funding arrangement between the Department of Corrections and the District Attorney's Office.

Perez, while in the custody of the Department of Corrections, was charged with first degree murder and conspiracy to commit first degree murder for the death of another inmate. The trial court ruled that probable cause existed for the charges to bind the case over for trial. The trial court also ruled that sufficient evidence existed to deny bail under section 16–4–101(1)(a), C.R.S. (2009), which authorizes a trial court to deny bail in capital cases when proof of the crime is evident.

In an earlier proceeding, the trial court disqualified the district attorney on the basis that the funding arrangement between the Department of Corrections and the District Attorney's Office constituted special circumstances under section 20–1–107(2).

The district attorney filed an interlocutory appeal, and we held that "this sort of funding arrangement does not constitute a 'special circumstance' warranting disqualification" of the District Attorney's Office because Perez "made no showing as to how this [funding] arrangement interferes with his right to a fair trial, and the trial court made no such conclusion." *Perez I,* 201 P.3d at 1234. Relying on the trial court's statement that it was "unwilling to conclude that the district attorney was obtaining any intentional financial gain," we ruled that there was no violation of section 20–1–107(2) because there was no special circumstance that would render it unlikely the defendant would receive a fair trial. *Id.* Therefore, we reversed the trial court's disqualification order. *Id.*

Perez filed a second motion to disqualify the District Attorney's Office, arguing that additional details of the funding arrangement between the District Attorney's Office and the Department of Corrections constituted a "disqualifying financial interest" under section 20–1–107(2).

The trial court granted Perez's motion. It found that the District Attorney's Office received $91,648.19 from the Department of Corrections for the salaries of a paralegal and an intern, expert professional fees, and general office expenses. The trial court ruled that the District Attorney's Office violated section 20–1–302, which requires county approval before a district attorney can accept outside funding, because the District Attorney's Office did not seek approval from the boards of county commissioners comprising the Eighteenth Judicial District before accepting this financial assistance. The court noted that, pursuant to section 16–18–101, C.R.S. (2009), the Department of Corrections should have paid these funds to the counties comprising the Eighteenth Judicial District

---

**3.** As in *N.R.,* it is unnecessary in this case to decide the issue of whether section 20–1–107(2) conflicts with the inherent power of a trial court to disqualify a district attorney.

directly, rather than to the District Attorney's Office. The court held that the $91,648.19 provided the District Attorney's Office with a "distinct and verifiable financial interest." The court ruled that this financial interest was an independent and sufficient reason to disqualify the District Attorney's Office, but did not inquire into whether the financial interest would render it unlikely that Perez would receive a fair trial. In so holding, the trial court implicitly construed section 20–1–107(2) to read that the statutory phrase "financial interest" was separate and independent from the phrase "that would render it unlikely that the defendant would receive a fair trial," such that this financial interest constituted an independent basis to disqualify the District Attorney's Office.

### III. Analysis

■ The district attorney asks us to construe section 20–1–107(2) so that the statute's "fair trial" clause modifies the statutory phrase "financial interest." In other words, the district attorney argues that we should construe section 20–1–107(2) to authorize the disqualification of a district attorney or her office for possessing a financial interest only if that financial interest would render it unlikely that the defendant would receive a fair trial. In contrast, Perez argues that we should read the statutory phrase "financial interest" independently, as establishing separate grounds for disqualification. He argues that section 20–1–107(2) authorizes the disqualification of a district attorney for possessing any financial interest irrespective of whether the financial interest would implicate the fairness of the trial.[4] For reasons stated below, we agree with the position of the district attorney and therefore interpret

the statute to authorize disqualification only when the alleged "financial interest" "would render it unlikely that the defendant would receive a fair trial." § 20–1–107(2).

■ To inform our review of this statute we follow the basic rules of statutory analysis. Statutory construction is a question of law, subject to de novo review. *See, e.g., Hendricks v. People,* 10 P.3d 1231, 1235 (Colo.2000). Our goal is to determine and give effect to the intent of the General Assembly. *See, e.g., People v. Banks,* 9 P.3d 1125, 1127 (Colo.2000). Before resorting to the canons of statutory interpretation, we look to the plain and ordinary meaning of the words in the statute. *See, e.g., State v. Nieto,* 993 P.2d 493, 500 (Colo.2000). We construe the various parts of the statute as a whole, giving "consistent, harmonious, and sensible effect" to each part. *See, e.g., Cooper v. People,* 973 P.2d 1234, 1239 (Colo. 1999). We avoid adopting a forced or strained construction, or any construction that leads to an absurd outcome. *See, e.g., AviComm, Inc. v. Colo. Pub. Utils. Comm'n,* 955 P.2d 1023, 1031 (Colo.1998).

The pertinent wording of section 20–1–107(2) provides that "[a] district attorney may only be disqualified . . . upon a showing that the district attorney has a *personal or financial interest* or finds special circumstances that would render it unlikely that the defendant would receive a fair trial." (emphasis added).[5]

■ Because this statute governs the District Attorney's Office, we briefly review the role and function of that office. A district attorney prosecutes criminal cases on behalf of the state and the counties within her district. Colo. Const. art. VI, § 13; § 20–1–

---

**4.** We remind the reader that we do not decide the issue of whether the claimed financial irregularity contravened Colorado statutes. For the purposes of our analysis only, we assume the financial arrangement between the District Attorney's Office and the Department of Corrections violated section 20–1–302.

**5.** We recognize that the statutory phrase "finds special circumstances" lacks a subject. In other words, the statute does not specify who must make the finding of "special circumstances." Given that section 20–1–107(2) later provides that "[t]he motion shall not be granted unless

requested by the district attorney or unless the court finds that the district attorney has a personal or financial interest or special circumstances exist that would render it unlikely that the defendant would receive a fair trial," we assume the General Assembly intended the trial court as the subject noun in this phrase. Thus, we interpret the phrase "finds special circumstances" to mean "[the trial court] finds special circumstances." This is consistent with our previous interpretation of the statute. *See N.R.,* 139 P.3d at 674 n. 2.

101(1); § 20–1–102(1)(a), C.R.S. (2009). The duty of a prosecutor "is not that it shall win a case, but that justice shall be done." *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *see also De Gesualdo v. People,* 147 Colo. 426, 432, 364 P.2d 374, 378 (1961) ("A district attorney . . . is a judicial officer sworn to uphold the constitution and obligated to refrain from invalid conduct creating an atmosphere prejudicial to the substantial rights of the defendant."). Thus, "[o]verzealous advocacy that undermines the quest for impartial justice by defying ethical standards cannot be permitted." *Domingo–Gomez v. People,* 125 P.3d 1043, 1048 (Colo.2005) (citing *Harris v. People,* 888 P.2d 259, 265 (Colo.1995)).

Our disqualification statute, section 20–1–107, addresses the fine line between a district attorney pursuing justice and one simply pushing for convictions. On the one hand, the statute ensures that district attorneys remain independent in discharging their duties. *See* § 20–1–107(1) ("The general assembly finds and declares that this section is necessary to protect the independence of persons duly elected to the office of district attorney."). On the other hand, the statute ensures the fairness of trials by authorizing the disqualification of district attorneys who possess interests contrary to their duty of seeking justice. *See* § 20–1–107(2).

Our precedent recognizes the balance necessary to safeguard the district attorney's independence and to ensure the fairness of trials and protect them from those interests that interfere with, are contrary to, or are inconsistent with the pursuit of justice. We previously held that disqualification is warranted "only when the district attorney has an interest in the litigation apart from his professional responsibility of upholding the law." *N.R.,* 139 P.3d at 676 (quoting *People*

*v. Dist. Court,* 189 Colo. 159, 162, 538 P.2d 887, 889 (1975)).

In reaching this conclusion, we construed the statute's "fair trial" clause to modify the statutory term "personal interest." In *C.V.,* 64 P.3d at 274, the trial court disqualified the district attorney based on an appearance of impropriety because the district attorney had seen the defendant attending the same church the defendant was later accused of breaking into and damaging. Because the General Assembly had recently amended section 20–1–107(2), we analyzed the disqualification order under both the previous version of the statute, which provided that a trial court could disqualify a district attorney and appoint a special prosecutor if the district attorney was "interested" in the case, and the current version of the statute. *Id.* at 274–75. We held that, to disqualify a district attorney for possessing a "personal interest" in the litigation or for being "interested" in the litigation, "[i]t is incumbent upon the defendant to present sufficient evidence to support a conclusion that he or she will be denied a fair trial if the prosecuting attorney is allowed to proceed with the prosecution." *Id.* at 275–76. Hence, we reversed the trial court's disqualification order because the defendant had not established facts showing that the district attorney's interest in the litigation would render it unlikely that the defendant would receive a fair trial.[6] *Id.* at 276–77.

In determining whether the defendant in *C.V.* was likely to receive a fair trial, we noted that "a showing of mere partiality is not sufficient." *C.V.,* 64 P.3d at 275. Rather, to demonstrate that a personal interest would render it unlikely that the defendant would receive a fair trial, we held that "[a]llegations of interest must show a concern in the outcome of the matter such that the

---

**6.** Other cases by this court stand for the principle that a trial court should only disqualify a district attorney to protect the fairness of the defendant's trial. *See People v. Palomo,* 31 P.3d 879, 882 (Colo.2001) (holding that, under previous version of disqualification statute, section 20–1–107, C.R.S. (2000), which provided for disqualification if the district attorney "is interested," a trial court "may properly disqualify a district attorney who has some involvement in the defendant's case that would 'impair that office's ability to

prosecute the case fairly' " (quoting *People ex rel. Sandstrom v. Dist. Court,* 884 P.2d 707, 710 (Colo.1994))); *Sandstrom,* 884 P.2d at 710; *Wheeler v. Dist. Court,* 180 Colo. 275, 278–79, 504 P.2d 1094, 1096 (1973) ("When one seeks to disqualify a prosecuting attorney . . . it is incumbent upon him to establish facts from which the trial court may reasonably conclude that the accused will probably not receive a fair trial to which he is entitled.").

district attorney will either reap some benefit or suffer some disadvantage." *Id.* (quoting *People ex rel. Losavio v. Gentry*, 199 Colo. 153, 160, 606 P.2d 57, 62 (1980)); *see also Gray v. Dist. Court*, 42 Colo. 298, 304, 94 P. 287, 289 (1908). This is because, if the district attorney's personal interest is dependent on the outcome of the trial, the district attorney has more incentive to obtain a conviction rather than discharge her professional duty of seeking justice.

The statute joins the terms personal and financial interest by the conjunction "or" in the same phrase. This conjunction requires the terms personal interest and financial interest to be construed similarly. Therefore, our previous construction of the statutory term "personal interest" under section 20–1–107(2) guides our construction of the statutory term "financial interest." *See N.R.*, 139 P.3d at 676; *C.V.*, 64 P.3d at 275–76. Given our ruling that the "fair trial" clause modifies the statutory term "personal interest," it follows that the "fair trial" clause also modifies the statutory term "financial interest." In addition to following grammatical rules, this construction gives the wording of the statute a "consistent, harmonious, and sensible effect." *Cooper*, 973 P.2d at 1239. It would be inconsistent to hold that a personal interest is a proper basis for disqualification only if the personal interest implicates the fairness of the trial, yet hold that a financial interest is a proper basis for disqualification irrespective of whether the financial interest implicates the fairness of the trial. Hence, a financial interest of a district attorney or her office is not a proper basis for disqualification unless that financial interest would render it

unlikely that the defendant would receive a fair trial.

■ Our precedent regarding when a personal interest might undermine the fairness of a trial guides our understanding of when a financial interest would render it unlikely that the defendant would receive a fair trial. When a district attorney's financial interest is dependent on the outcome of the trial, the district attorney can be properly disqualified. We note, however, that a financial interest does not necessarily have to be outcome dependent to implicate the fairness of a trial. It can be broader and affect all aspects of the trial, including the decision to bring charges. With this in mind, we hold that to disqualify a district attorney for possessing a financial interest, that financial interest must be outcome dependent or have a substantial impact on the district attorney's discretionary functions such that the district attorney's conduct interferes with, is contrary to, or is inconsistent with her duty of seeking justice.

This analysis is consistent with other jurisdictions' interpretations of similar state statutes or state common law principles concerning the disqualification of prosecutors. The Supreme Court of California held that "financial assistance to the prosecutor's office may indeed disqualify the district attorney … if the assistance is of such character and magnitude 'as to render it unlikely that defendant will receive fair treatment during all portions of the criminal proceedings.'" [7] *People v. Eubanks*, 14 Cal.4th 580, 59 Cal.Rptr.2d 200, 927 P.2d 310, 320 (1996) (quoting *People v. Conner*, 34 Cal.3d 141, 193 Cal.Rptr. 148, 666 P.2d 5, 6 (1983)).[8] In *Eubanks*, a corporate

---

7. Section 1424 of the 1996 California Penal Code, under which this case was decided, provided that a motion for disqualification "shall not be granted unless it is shown by the evidence that a conflict of interest exists such as would render it unlikely that the defendant would receive a fair trial."

8. Other jurisdictions besides California have determined that a district attorney should only be disqualified if the district attorney's role in the prosecution implicates a defendant's right to a fair trial. *See State v. Clausell*, 474 So.2d 1189, 1190 (Fla.1985) (holding that to disqualify a state attorney actual prejudice must be shown); *Sinclair v. State*, 278 Md. 243, 363 A.2d 468, 475

(1976) ("[I]f a prosecutor has … any pecuniary interest … which may impair his obligation in a criminal matter to act impartially … then he is … disqualified.…"); *State v. Stewart*, 869 S.W.2d 86, 90 (Mo.Ct.App.1993) ("Disqualification of a prosecutor is only called for when he has a personal interest of a nature which might preclude his according the defendant the fair treatment to which he is entitled." (citing *Brewster v. State*, 577 S.W.2d 911, 914 (Mo.Ct.App. 1979))); *Schumer v. Holtzman*, 60 N.Y.2d 46, 467 N.Y.S.2d 182, 454 N.E.2d 522, 526 (1983) ("[C]ourts … should remove a public prosecutor only to protect a defendant from actual prejudice.…"); *Powell v. Commonwealth*, 267 Va. 107, 590 S.E.2d 537, 556 (2004) ("[T]he burden is on the party seeking disqualification of the

victim of the theft of trade secrets contributed $13,000 towards the costs of prosecution. 59 Cal.Rptr.2d 200, 927 P.2d at 312. The court held that this financial assistance can create a conflict of interest warranting disqualification if the financial assistance would render it unlikely that the defendant would receive a fair trial. *Id.* The court held that such a conflict would be demonstrated if "the private financial contributions are of a nature and magnitude likely to put the prosecutor's discretionary decision-making within the influence or control of an interested party." *Id.,* 59 Cal.Rptr.2d 200, 927 P.2d at 322.

## IV. Application

■ Having determined that a financial interest of a district attorney will support disqualification only when that financial interest would render it unlikely that the defendant would receive a fair trial, we apply this interpretation to the facts here.

Perez presented no evidence and the trial court made no findings that the questioned financial arrangement between the District Attorney's Office and the Department of Corrections would influence the fairness of Perez's trial. When the trial court disqualified the district attorney, it appointed a replacement prosecutor to continue the prosecution of Perez. Previously, the trial court found that the charges were preliminarily appropriate by ruling that probable cause existed to charge Perez and to bind the case over for trial. The trial court found sufficient evidence to deny bail under section 16–4–101(1)(a), which authorizes the trial court to deny bail in capital cases when proof of the crime is evident. These preliminary trial court findings and rulings indicate the prosecution of Perez by the District Attorney's Office has been consistent with and in support of its constitutional and statutory duties to enforce the law.

Section 20–1–203 permits the district attorney to receive funding from other government entities with county approval. Under the facts of the present case, we do not see how the absence of county approval for the funding arrangement would affect Perez's ability to receive a fair trial.

## V. Conclusion

For the reasons discussed above, we reverse the order of the trial court disqualifying the Office of the District Attorney for the Eighteenth Judicial District and remand for further proceedings consistent with this opinion.

---

prosecutor to present evidence establishing the existence of disqualifying bias or prejudice."); *State v. Ladd,* 210 W.Va. 413, 557 S.E.2d 820, 843 (2001) ("[W]here ... the prosecuting attorney has an interest in the outcome of a criminal prosecution beyond ordinary dedication to [her] duty to see that justice is done, the prosecuting attorney should be disqualified ...." (citing *State v. Knight,* 168 W.Va. 615, 285 S.E.2d 401, 407 (1981))).