In re the PEOPLE of the State
of Colorado, Plaintiff

v.

Stevie MILLS, Defendant.

In re the People of the State
of Colorado, Plaintiff

v.

Anthony Pryor–Riley, Defendant.

Nos. 06SA316, 06SA317.

Supreme Court of Colorado,
En Banc.

July 2, 2007.

As Modified on Denial of Rehearing
Aug. 13, 2007.

Don Quick, District Attorney, Michael J. Milne, Sr., Deputy District Attorney, Brighton, CO, Attorneys for Plaintiff.

Douglas K. Wilson, Colorado State Public Defender, Mark G. Walta, Deputy State Public Defender, Denver, CO, Attorneys for Defendant.

Mills Douglas K. Wilson, Colorado State Public Defender, Mark G. Walta, Deputy State Public Defender, Denver, CO, Attorneys for Defendant Pryor–Riley.

Chief Justice MULLARKEY delivered the Opinion of the Court.

## I. Introduction

These two criminal cases, pending in the Adams County District Court before the same judge, involve deputy public defenders alleging conflicts of interest in investigating ineffective assistance of counsel claims related to their clients' prior criminal convictions where such convictions occurred while the defendants were represented by other members of the public defender's office. We issued rules to show cause in both cases exercising our original jurisdiction under C.A.R. 21. We consider two issues: 1) whether the trial court erred in declining to appoint alternate defense counsel to investigate if the prior felony convictions were tainted by ineffective assistance of counsel; and 2) whether the trial court erred in denying the deputy public defenders' motions to withdraw from representing their clients after the trial court refused to appoint alternate defense counsel.

We hold that the deputy public defender may present the trial court with a sealed affidavit demonstrating the facts indicating that his or her client received ineffective assistance of counsel during a prior conviction proceeding and the trial court may appoint alternate defense counsel to represent the client if it determines that the stated factual basis and alleged conflict of interest are sufficient to warrant further independent investigation. We make the rules absolute so that the deputy public defenders may submit affidavits showing that alternate defense counsel should be appointed to review the claimed ineffective assistance of counsel.

## II. Facts and Procedural History

In *People v. Mills*, the prosecution charged Stevie Mills with several felonies and four habitual criminal counts.[1] Mills's counsel sought to suppress the prior convictions with respect to the habitual criminal counts, claiming that such convictions were likely the result of ineffective assistance of counsel. While she did not review the transcripts of the prior proceeding, Mills's counsel stated Mills had made representations to her that led her to believe it was possible to challenge the time bar and the plea in the prior case. However, Mills's counsel stated that she could not ethically investigate or provide any representation regarding the prior convictions. Mills's counsel stated that she had a conflict of interest because the prior convictions were handled by a deputy public defender in the Arapahoe County public defender's office. She described the other attorney as her friend and her husband's supervisor. Therefore, before trial, Mills's counsel filed a motion requesting that the trial court appoint alternate defense counsel to investigate whether Mills's two prior felony convictions were the result of the ineffective assistance of counsel.

In *People v. Pryor–Riley*, the circumstances are similar to *Mills*. Defendant Anthony Pryor–Riley is charged with several felonies.[2] Approximately four years ago, Pryor–Riley pleaded guilty to cruelty to animals and a jury found him guilty of arson in the same case. In the current case, Pryor–Riley filed a motion to suppress the use of the prior felony conviction and alleged that the prior convictions resulted from ineffective assistance of counsel. In the prior case, Pryor–Riley was represented by a deputy public defender who is now the "appellate liaison" to Pryor–Riley's counsel. Thus, his public defender in the instant case filed a motion requesting that the trial court appoint alternate defense counsel to investigate the claim of ineffective assistance of counsel during the prior convictions.

At the hearing on the motion to suppress, Pryor–Riley's counsel asserted that he had a good-faith belief that there was ineffective assistance of counsel in the prior case. He emphasized that while he did not review the

1. Mills is charged with: possession of Schedule II controlled substance (25–450 grams), §§ 18–18–405(1), (2)(a)(I)(A), (3)(a)(I), C.R.S. (2006); aggravated motor vehicle theft in the first degree, §§ 18–4–409(2)–(3), C.R.S. (2006); theft by receiving, § 18–4–410, C.R.S. (2006); and four

2. Pryor–Riley is charged with: attempted second degree murder, §§ 18–2–101(1), 18–3–103(1), C.R.S. (2006); criminal attempt first degree assault, § 18–3–202, C.R.S. (2006); menacing, § 18–3–206, C.R.S. (2006); and attempted second degree assault, §§ 18–2–101(1), 18–3–203(1), C.R.S.

transcripts of the providency hearing in the prior case, he had a specific issue he believed warranted review by an alternate defense counsel. Additionally, counsel stated that he would file a sealed affidavit if the court desired. The trial court did not act on this offer.

The trial court denied Mills's and Pryor–Riley's motions to appoint alternate defense counsel. In its orders, the trial court cited *People v. Breaman*, 939 P.2d 1348, 1351 (Colo.1997), for the proposition that a defendant has no right to have a lawyer appointed solely for the purpose of investigating the merit of postconviction claims. Additionally, the trial court relied on *People v. Lopez*, 12 P.3d 869, 871 (Colo.App.2000), recognizing that there is no duty to appoint alternate defense counsel unless the defendant has a colorable claim of ineffective assistance of counsel. It found that the deputy public defenders' failure to review the transcripts of the proceedings giving rise to the prior convictions further demonstrated that the claims for ineffective assistance of counsel were "bald assertions without any factual basis." The trial court observed in *Mills* that "there has not even been the slightest hint of any actual infirmity with these two felony convictions or any basis to permit an untimely challenge to these nine year old convictions."

Both Mills's and Pryor–Riley's counsel filed motions to withdraw from further representation. Citing irreconcilable conflicts, both deputy public defenders claimed that they could not ethically represent Mills and Pryor–Riley if they were required to investigate even a threshold factual basis for an ineffective assistance of counsel claim arising from the prior convictions.

Just days before the hearing on Pryor–Riley's counsel's motion to withdraw, Pryor–Riley filed a pro se Crim. P. 35(c) motion for post-conviction relief alleging ineffective assistance of counsel in his prior case. In particular, Pryor–Riley stated that his counsel did not raise a mental state defense or advise him that he could plead not guilty by reason of insanity. In a written order, the trial court denied this motion without a hearing. The court concluded that numerous entries in the prior case's file detailed an exten-

sive criminal history but no record of mental health issues. Because there was no indication of any mental health problems, the trial court concluded as meritless Pryor–Riley's claim that it was ineffective assistance of counsel not to conduct a mental health examination. The trial court's order denying Pryor–Riley's Crim. P. 35(c) motion was appealed to the court of appeals and is docketed as case No. 06CA2406.

These C.A.R. 21 petitions ensued to determine the issues of the appointment of alternate defense counsel and whether the trial court should have granted the motions to withdraw.

## III. Discussion

### A. Motion to Appoint Alternate Defense Counsel

The Office of the Colorado State Public Defender is established by statute to provide legal representation to indigent persons charged with crimes. *See* §§ 21–1–101 to –104, C.R.S. (2006). As a state-wide entity, the public defender's office is composed of a central administrative office, trial offices corresponding roughly to each judicial district, and a centralized appellate division that handles appeals from every jurisdiction in the state. *Id.* The General Assembly has also established the Office of Alternate Defense Counsel, which provides legal representation in circumstances in which the state public defender has a conflict of interest in providing legal representation. *See* § 21–2–101(1), C.R.S. (2006).

An attorney appointed to represent a criminal defendant must not have a conflict of interest and must provide the client with professionally competent assistance. *Breaman*, 939 P.2d at 1351. We held in *McCall v. Dist. Court*, 783 P.2d 1223, 1228 (Colo.1989), that "requiring a member of the appellate division to argue that a local deputy public defender rendered ineffective assistance of counsel would have an inherently deleterious effect on relationships within the public defender system." Moreover, regardless of the appellate attorney's efforts, "the conflict of loyalties inherent in the attorney's role would make the quality of his or her representation,

and thus the fairness and impartiality of the appellate process, necessarily suspect in the public eye." *Id.* We expressly limited our holding in *McCall* noting that the case only involved "the representation by the appellate division of a person who in seeking appellate relief from a judgment of conviction asserts that a deputy public defender provided ineffective assistance of counsel in the trial court." *Id.* at 1229. Therefore, "the standards for evaluating conflicts other than the type at issue in the present case, and the remedies to be adopted should conflicts be found to exist, must be considered as the occasions arise and should be tailored to fit the particular circumstances." *Id.*

The court of appeals has held that "[i]n situations where the defendant has a *colorable* claim of ineffective assistance of counsel, the trial court may be required to appoint conflict-free counsel to represent the defendant in further proceedings," but not that the trial court must appoint conflict-free counsel. *Lopez,* 12 P.3d at 871 (*citing Murphy v. People,* 863 P.2d 301 (Colo.1993))(emphasis added). It is not proper for the trial court "to appoint an attorney *solely* for the purpose of investigating the merit of a defendant's claims." *Breaman,* 939 P.2d at 1351 (emphasis added).

■ Generally, when a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Additionally, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052.

■ When reviewing a Crim. P. 35(c) claim of ineffective assistance of counsel, "the trial court may deny relief without a hearing and without appointing counsel to represent the defendant if the allegations are merely conclusory or if the record clearly establishes that the defendant is not entitled to relief." *Lopez,* 12 P.3d at 871 (*citing People v. Rodriguez,* 914 P.2d 230 (Colo.1996). The court of appeals in *Lopez* concluded that "the trial court did not abuse its discretion in declining to appoint new counsel, notwithstanding the request by defendant and his public defender that it do so" because "[e]ven after being given an opportunity to provide some factual basis for his written statement that he 'felt he was inadequately represented,' defendant still offered no grounds for his contention that were not either conclusory, inherently incredible, or contradicted by the record." *Id.* at 871.

In *People v. Harlan,* the defendant's counsel requested the appointment of counsel to investigate whether there was a basis for asserting ineffective assistance of counsel claims pertaining to the counsel's prior representation of the defendant. 54 P.3d 871, 880 (Colo.2002). We noted that the case was "therefore distinguishable from those cases in which specific allegations of ineffective assistance of counsel, usually asserted in post-conviction pleadings, have created an actual conflict of interest." *Id.* "The distinction between actual and potential conflicts is significant because it may, in some circumstances, impact the necessity of waiver." *Id.* While Harlan waived any potential conflict of interest, we recognized that "[t]here are some circumstances in which a potential conflict will not require a waiver." *Id.*

■ There are other situations where an attorney must present an affidavit alleging a factual basis behind certain motions to the court. For example, in a motion to disqualify a judge, the test is whether the motion and supporting affidavits allege sufficient facts from which it may reasonably be inferred that the judge is prejudiced or biased, or appears to be prejudiced or biased, against a party to the litigation. *See Prefer v. PharmNetRx,* 18 P.3d 844 (Colo.App.2000). Additionally, in motions for a new trial both in civil and criminal cases, an affidavit is often required to give notice of facts previously unknown to the trial court that support the motion in question. *Park Stations, Inc. v. Hamilton,* 38 Colo.App. 216, 218, 554 P.2d 311, 313 (1976); *see* Crim. P. 33 ("A motion based upon newly discovered evidence or jury misconduct shall be supported by affidavits.").

Furthermore, we recognized in *People v. Lincoln*, 161 P.3d 1274, 1278 (Colo. 2007), that disqualification of a prosecuting attorney under section 20-1-107(2), C.R.S. (2006), requires a showing by the party moving for the disqualification that facts exist rendering it unlikely that the defendant would receive a fair trial. Therefore, we held in *Lincoln* that requiring two prosecutors to disclose any exculpatory evidence obtained through their prior representation, when in private practice, of witnesses now appearing in the prosecutors' cases was not an "irresolvable ethical dilemma."

### Analysis

■■■ We see no reason to depart from the established precedent holding that a trial court may, within its discretion, decline to appoint alternate defense counsel to investigate claims for the ineffective assistance of counsel in a prior case. *Breaman*, 939 P.2d at 1351; *Lopez*, 12 P.3d at 871. As in *Lopez*, the deputy public defenders in the present cases offer no factual basis for asserting ineffective assistance of counsel (either to suppress the prior convictions for habitual criminal counts or to exclude the prior convictions from use as impeachment evidence). The attorneys' statements that they had a good faith basis to assert ineffective assistance of counsel claims, but that they could not reveal any specific factual details, are not enough to require the trial court to appoint alternate defense counsel simply to investigate the claims. *Lopez*, 12 P.3d at 871. The allegations of ineffective assistance of counsel in these cases were merely conclusory and the deputy public defenders did not allege a sufficient factual basis to support their motions. The standard for making a successful ineffective assistance of counsel claim is very high, *see Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052, and it is a valid exercise of the court's duty to oversee the orderly administration of justice to require some factual basis that the standard will be satisfied before appointing an attorney to investigate the claims. Be-

cause the trial court's orders were supported by the defendants' counsels' lack of a factual basis for their motions, it was not an abuse of discretion to decline appointment of alternate defense counsel at this stage.[3] *See id.*

The deputy public defenders' reliance on *McCall*, 783 P.2d 1223, is inapposite. Here, the attorneys claim that it is unethical to investigate in any way whether the defendants' prior convictions were the result of the ineffective assistance of counsel. They argue that even suggesting through minimal investigation that ineffective assistance of counsel was rendered by other public defenders has an "inherently deleterious effect on relationships within the public defender system." *See McCall*, 783 P.2d at 1228. Such an argument pushes the language of *McCall* to a breaking point, especially given our explicit limitation of the holding.

■■■ In the present cases, the attorneys are not required to actually pursue a claim for ineffective assistance of counsel against another public defender. Rather, they should simply identify what factual basis exists to merit a complete investigation of whether there was ineffective assistance of counsel in prior conviction proceedings. As we held in *Breaman*, it is not proper for the trial court "to appoint an attorney solely for the purpose of investigating the merit of a defendant's claims." 939 P.2d at 1351; *see Lopez*, 12 P.3d at 871. Furthermore, the attorneys in the present cases did file motions alleging ineffective assistance of counsel in the prior cases, and they continue to maintain that they had a good-faith belief in the merit of their claims. Thus, we fail to see how such a posture is any less deleterious to their relationships with the public defenders in the prior cases than if the attorneys were to engage in minimal investigation to provide the trial court with a modicum of a factual basis for the ineffective assistance of counsel claims.

We recognize the importance of *McCall's* holding and we continue to recognize the

---

3. We note that the trial court has in both cases indicated that its order pertains to the current facts before it from the attorneys' motions and statements made during the hearings in these cases. It is clear that the trial court would

consider additional facts indicating a factual basis for an ineffective assistance of counsel claim, and that should such facts be made available, the trial court would consider appointing an alternate defense counsel to investigate further.

need to prevent damaged relations within the public defender's office. Consequently, the course of action best followed in these circumstances is as follows: The attorneys should file sealed affidavits stating with specificity the facts and circumstances suggesting ineffective assistance of counsel leading to the prior convictions. The affidavit must present a colorable claim that the prior counsel's representation was deficient enough to meet the first prong of *Strickland.* Namely, the affidavit must demonstrate a colorable factual basis that the prior counsel's representation fell below an objective standard of reasonableness. The attorneys may engage in minimal investigation, including a review of the prior cases' transcripts, to establish a credible basis for presenting an ineffective assistance of counsel claim. If the attorneys need no investigation and are aware of a factual basis for the ineffective assistance claims, but believe that their confidential relationship under Colo. RPC 1.6 prohibits disclosure of information pertaining to the ineffective assistance of counsel claims, the mechanism of filing a sealed affidavit for in camera review of the trial court maintains a close net of confidentiality while revealing limited information impliedly authorized as a component of the attorneys' representation. *See Lincoln,* 161 P.3d at 1280, 2007 WL 1805599, at *5 (requiring deputy district attorneys to disclose certain information obtained during their prior representation of individuals testifying as witnesses in pending prosecution). The procedure we have outlined enables the trial court to exercise its discretion whether to appoint alternate defense counsel with a more complete understanding of the facts known to the moving party.

If the trial court determines that there exists a colorable claim for ineffective assistance of counsel in a prior case, it must then determine if there is a conflict of interest with the current deputy public defender in further pursuing the ineffective assistance of counsel claim. If the trial court determines that there is a conflict of interest, it should appoint alternate defense counsel pursuant to section 21-2-101(1) to represent the defendant for the narrow purpose of investigating the ineffective assistance of counsel claim.[4]

### B. Motion to Withdraw from Representation

■ We have held that "motions for withdrawal of counsel are addressed to the discretion of the court and will not be reversed unless clear error or abuse is shown." *Riley v. Dist. Court,* 181 Colo. 90, 93, 507 P.2d 464, 465 (1973). The statute governing a public defender's request to withdraw from a case provides as follows:

> To request withdrawal from a case due to a conflict of interest, the state public defender shall submit to the court having jurisdiction over the case a motion specifically describing the nature of the conflict of interest. If the state public defender determines that ethical obligations prevent a specific description of the nature of the conflict of interest, the state public defender shall cite any applicable legal authority for the determination, and the portion of the motion that specifically describes the nature of the conflict shall be sealed. In the event an issue arises later concerning whether an actual conflict existed, the sealed portion of the motion may be opened and examined by the original judge or by another judge if necessary to prevent the violation of an ethical obligation.

§ 21-2-103(1.5)(a), C.R.S. (2006). In making withdrawal determinations, "the trial court must balance the need for the orderly administration of justice with the fact that an irreconcilable conflict exists between counsel and the accused." *People v. Schultheis,* 638 P.2d 8, 15 (Colo.1981). Therefore, we have said that the court should "consider the timing of the motion, the inconvenience to witnesses, the period of time elapsed between the date of the alleged offense and trial, and the possibility that any new counsel will be confronted with the same irreconcilable conflict." *Id.* at 15. It is the primary responsibility of the court to ensure the orderly administration of justice. *Id.*

---

4. Because it has not been raised in the proceedings before us, however, we express no opinion concerning the circumstances that might entitle a criminal defendant to collaterally challenge the effectiveness of his or her counsel in prior cases, before those convictions could be relied on in a pending prosecution. 18-1.3-801(1)-(2), C.R.S. (2006).

Based on the information presented to it in the two present cases, the trial court found within its discretion that it was not a conflict of interest to investigate initially whether the defendants had an ineffective assistance of counsel contributing to their prior convictions. Thus, there existed no irreconcilable conflict of interest for the trial court to weigh against the orderly administration of justice. It was therefore within the trial court's discretion to deny counsel's motions to withdraw at least until there was a sufficient factual basis upon which to determine whether a full investigation of the ineffective assistance of counsel claims was warranted.

### IV. Conclusion

We hold that the deputy public defender may present the trial court with a sealed affidavit demonstrating the facts indicating that his or her client received ineffective assistance of counsel during a prior conviction proceeding and the trial court may appoint alternate defense counsel to represent the client if it determines that the stated factual basis and alleged conflict of interest are sufficient to warrant further independent investigation. Because the deputy public defenders had no opportunity to file affidavits meeting the standards set out in this opinion, we make the rule absolute and direct the trial court to allow the deputy public defenders to do so.