24CA0600 Peo v Close 05-14-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0600
City and County of Denver District Court No. 15CR4878
Honorable Eric M. Johnson, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

James C. Close,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE DUNN
J. Jones and Fox, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 14, 2026

---

Philip J. Weiser, Attorney General, Grant R. Fevurly, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lauretta A. Martin Neff, Alternate Defense Counsel, Montrose, Colorado, for Defendant-Appellant

¶ 1    James C. Close appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing and without the appointment of postconviction counsel. He argues that his allegations of ineffective assistance of counsel — specifically his allegation that counsel failed to "pursue evidence of [the victim's] history of false reports" — are sufficient to warrant the appointment of postconviction counsel. We affirm.

## I.    Factual and Procedural Background

¶ 2    Based on allegations that he sexually assaulted a teenager who was living at his house, the People charged Close with sexual assault on a child (position of trust) and sexual assault on a child (pattern of sexual abuse).

¶ 3    Close did not testify at trial, but his counsel defended on the theory that the victim fabricated the allegations. The theory of defense was not without support. For example, the victim's mother testified that the victim was untruthful about "significant things" and that throughout her life, the victim "made up allegations" to get people in trouble. As to the last point, the victim's mother told the jury about false allegations the victim had made against a few family members as well as a "boy from her school." As to the

1

accusations against Close, the victim's mother expressed "doubts about what [her] daughter was saying."

¶ 4 The jury convicted Close as charged, and the court sentenced him to twelve years to life in prison. On appeal, a division of this court affirmed the judgment of conviction. *See People v. Close*, (Colo. App. No. 18CA1071, Feb. 10, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 5 Close filed a timely pro se Rule 35(c) motion alleging that his trial counsel had provided ineffective assistance. He alleged that his attorney provided ineffective assistance by (1) eliciting and commenting on bolstering testimony; (2) failing to ask the court to allow evidence of the victim's history of false reporting of sexual assaults; (3) allowing the victim's "PTSD" testimony; (4) failing to object to the court's response to a jury question; and (5) failing to raise a jurisdictional objection to a detective's testimony. He also alleged that counsel's errors cumulatively resulted in ineffective assistance. Close asked for appointment of postconviction counsel and a hearing.

¶ 6 The postconviction court denied Close's motion without appointing counsel and without a hearing. Rejecting the claims for

different reasons, the court found none of them potentially meritorious.

## II.   Analysis

¶ 7   Now represented by counsel, Close contends that his allegations of ineffective assistance of counsel are sufficient to warrant the appointment of postconviction counsel.  Thus, he asks us to "put the train back on the tracks at the point it got derailed" and remand the case for appointment of postconviction counsel, "the opportunity to supplement[]" the motion, and "reconsideration of the merits of" the motion and any supplement "as required by the law."

### A.   Legal Principles and Standard of Review

¶ 8   Defendants have a constitutional right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). To demonstrate ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense.  *Id.* at 687.  An ineffective assistance claim fails if the defendant is unable to satisfy either prong.  *Id.* at 697; *see also Dunlap v. People*, 173 P.3d 1054, 1062-63 (Colo. 2007) (adopting the two-prong *Strickland* test).

¶ 9     To establish deficient performance, the defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *Id.* at 694.  A reasonable probability means a probability sufficient to undermine confidence in the outcome.  *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003).

¶ 10    A court may deny a Rule 35(c) motion without a hearing and without appointing counsel if the motion, files, and record in the case clearly establish that the allegations in the defendant's motion do not warrant postconviction relief.  *Id.* at 77; *see also* Crim. P. 35(c)(3)(IV), (V) (discussing procedure for review of Rule 35(c) motions and when service on the prosecution and the public defender (if counsel is requested) is required).

¶ 11    We review de novo the denial of a Rule 35(c) motion without a hearing, *People v. Cali*, 2020 CO 20, ¶ 14, and may affirm a ruling on any basis supported by the record, *see People v. Glover*, 2015 COA 16, ¶ 22.  And while we broadly construe pro se motions to ensure that litigants are not "denied review of important issues

because of their inability to articulate their argument like a lawyer," we may neither rewrite a pro se litigant's motion nor act as their advocate. *Cali,* ¶ 34 (citation omitted).

### B. The Postconviction Court Did Not Err by Denying the Pro Se Rule 35(c) Motion

¶ 12 Close primarily argues that he adequately alleged that trial counsel provided ineffective assistance by failing to "pursue evidence of [the victim's] history of false reports" and that the postconviction court was therefore required to appoint counsel and send his complete Rule 35(c) motion to appointed counsel for further investigation and possible supplementation. *See People v. Segura,* 2024 CO 70, ¶ 7 (holding that if "*at least one claim* has arguable merit," the postconviction court "must grant the request for postconviction counsel and forward *a complete copy* of the motion to the prosecution and [appointed counsel]").

¶ 13 "[T]o qualify for the appointment of postconviction counsel, a defendant's postconviction motion must provide allegations that, if true, would establish both prongs of the *Strickland* test." *Townsell v. People,* 2026 CO 11M, ¶ 29. That means the defendant must "explain not only the deficiency that made his counsel ineffective

5

but also how and why, based on that deficiency, there is a reasonable probability that the result of the proceeding would have been different." *Id.* A conclusory prejudice allegation is insufficient to warrant appointment of postconviction counsel. *Id.*

¶ 14 In support of the deficient performance prong of his false allegation claim, Close alleged that the victim "had previously accused multiple people of committing . . . sexual assaults against her"; these accusations were "unfounded"; the victim's mother and aunt made statements "show[ing]" the allegations were unfounded; the prosecution failed to disclose an allegation of sexual assault before the first trial; the "actions and statements do not fall under the rape shield"; and trial counsel "knew of previous unfounded allegations made by [the victim]" and "never requested the court allow it be placed on the record and submitted to the jury."

¶ 15 We agree with Close that the postconviction court misinterpreted the deficient performance allegations. Without reference to the allegations that the victim had a history of "multiple" false sexual assault reports, the court considered whether trial counsel provided ineffective assistance by failing to ask the trial court to allow evidence of a single prior allegation of

sexual assault. And it concluded that "the decision not to attempt to introduce evidence of the victim's [singular] allegation was a reasonable strategic decision." But that conclusion is not exactly tethered to what Close alleged.

¶ 16    Still, even if we assume that Close alleged sufficient facts that, if true, show that counsel performed deficiently, his Rule 35(c) motion failed to allege sufficient facts to demonstrate *Strickland* prejudice. *See Townsell*, ¶¶ 29, 37. Indeed, all Close says about the purported effect of counsel's failure to seek admission of the victim's history of "multiple" false sexual assault reports is that "it deprived Close of a defense to the charges against him." But Close didn't allege any facts about what additional "defense" he would have presented or how or why the unidentified defense would have created a reasonable probability that the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694; *see also Townsell*, ¶ 37 (concluding that the district court did not err by denying a pro se defendant's request for postconviction counsel when the Rule 35(c) motion did not "provide *some* explanation" beyond a "conclusory statement" of prejudice). And doing so would be difficult given that Close defended on the theory that the victim

fabricated the sexual assault allegations and he elicited testimony that the victim was known to make up allegations, including a false sexual assault allegation. The jury was unpersuaded by that evidence.

¶ 17    Though Close briefly argues that his remaining four ineffective assistance of counsel claims "also have merit," they each fail for the same reason. More specifically, to the extent that the remaining ineffective assistance of counsel claims allege any prejudice — and a couple of them don't — they do so in conclusory and generic terms. For instance, peppered throughout the Rule 35(c) motion are general claims that counsel's deficient performance "deprived [Close] of a fair trial" and "lowered the burden of proof." But none of the remaining claims allege any facts explaining how and why — absent the alleged deficient performance — there is a reasonable

probability that the outcome of the trial would have been different.[1]

*See Townsell*, ¶ 35.

¶ 18    We therefore reach the same conclusion as the postconviction court, albeit for different reasons. Because Close's prejudice allegations were bare, conclusory, and vague, we affirm the denial of the Rule 35(c) motion without the appointment of counsel and without a hearing. *See Townsell*, ¶¶ 29, 37; *People v. Mills*, 163 P.3d 1129, 1133 (Colo. 2007).

### III.    Disposition

¶ 19    The order is affirmed.

JUDGE J. JONES and JUDGE FOX concur.

---

[1] Even assuming the cumulative error doctrine applies to ineffective assistance of counsel claims, that claim too is insufficient because Close failed to allege cumulative prejudice. That is, Close did not allege that while he may not have been prejudiced by any one of counsel's singular deficiencies, he was nonetheless denied effective assistance of counsel because of the cumulative prejudicial effect of counsel's errors. *See Howard-Walker v. People*, 2019 CO 69, ¶ 25 ("[C]umulative error involves cumulative prejudice.").